483 So.2d 307 (1985)
Donald William DUFOUR
v.
STATE of Mississippi.
No. 55053.
Supreme Court of Mississippi.
December 18, 1985.
Rehearing Denied February 26, 1986.
*308 Christopher Tabb, Brandon, and Bernard S. Grimm, Washington, D.C., for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., and Amy D. Whitten, Sp. Asst. Attys. Gen., Jackson, for appellee.
En Banc.

ON MOTION TO VACATE JUDGMENT AND SENTENCE
ROY NOBLE LEE, Presiding Justice, for the Court:
Petitioner Donald William Dufour was convicted in the Circuit Court for the First Judicial District of Hinds County, Mississippi, of capital murder, and was sentenced to suffer the death penalty. On April 11, 1983, he filed a motion for new trial raising twenty-one (21) grounds for relief, which motion was subsequently denied. Petitioner appealed to the Mississippi Supreme Court, which unanimously affirmed the conviction and sentence on June 6, 1984, and a petition for rehearing was denied July 25, 1984. The facts of the case are stated in Dufour v. State, 453 So.2d 337 (Miss. 1984).
Petitioner filed with the United States Supreme Court a petition for writ of certiorari to the Mississippi Supreme Court, which was denied February 19, 1985. Dufour v. Mississippi, ___ U.S. ___, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985). Petition for rehearing was denied by the United States Supreme Court April 1, 1985.
On June 17, 1985, the petitioner filed a Motion to Vacate Judgment and Sentence, pursuant to Mississippi Code Annotated § 99-39-1, et seq. (Supp. 1984). Petitioner seeks relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, but claims that the procedural bar provision of the act did not apply to him since it was not in effect at the time of petitioner's 1983 trial. We hold that petitioner's contention that the waiver and procedural bar provisions of the act do not apply to his case is without merit. Actually, Mississippi Code § 99-39-1, et seq. is largely a codification of the existing law. Leatherwood v. State, 473 So.2d 964 (Miss. 1985); Tokman v. State, 475 So.2d 457 (Miss. 1985).

CLAIMS

A.

Petitioner was Deprived of His Right to Effective Assistance of Counsel.

(1) Failure to Investigate and Present Mitigation Witnesses.

Petitioner claims that defense counsel failed to investigate whether there were any potential witnesses who could have presented favorable testimony as to why he deserved to have his life spared. Petitioner's counsel, R.L. Houston, talked with petitioner's brothers in Florida on several occasions, although they state in their affidavits that they cannot recall speaking to the Jackson attorneys. They told Houston that they would not come to Jackson nor did they want to get involved in the trial of their brother's case. They refused to help petitioner at that time.

(2) Failure to Investigate, Obtain and Present Psychiatric or Psychological Evidence.

Petitioner claims that defense counsel failed to make application to the trial court for funds to conduct a psychological evaluation of petitioner for the purpose of determining whether mitigating circumstances existed. Further, that he had no expert assistance because counsel did not request it. However, petitioner was examined pursuant to a court order. The professionals were not people selected by the State, but by the trial court. Petitioner has failed to present facts which show there existed mitigating circumstances of a psychological nature, which could have been presented by Dr. Stanley. It is not shown that such an examination would have produced the claimed results, nor has prejudice been shown.

(3) Trial Counsel's Failure to Request Instructions on Lesser-Included Offenses and Elements of the Primary Offense Charged.

Petitioner claims that his counsel was ineffective for not offering a complete instruction *309 on, or objecting to the failure to instruct, on the elements of the underlying felony of robbery. The Court considered the question of whether or not a robbery was in fact committed, and found that the evidence fully supported the finding that robbery had been committed. Dufour v. State, 453 So.2d at 346.

(4) Failure to Object to Prosecutorial Misconduct.

Prosecutorial misconduct will be referred to hereinafter. Petitioner contends that his counsel failed to prevent persistent misconduct of the prosecutor throughtout the trial and the sentencing. Appellee contends that the examples cited by petitioner are within the limits of proper conduct and argument and that there was no prosecutorial misconduct. We think that petitioner has failed to show prejudice under this claim.

(5) Failure to Adequately Cross-Examine State's Witness.

Petitioner claims that defense counsel failed to adequately cross-examine the State's primary witness, Robert Taylor. The record reflects that the plea bargain agreement between the State and Taylor was introduced into evidence, paragraph 2 of which agreement states:
Upon entry of a plea of guilty to the aforesaid crimes [the murders of Daniel Earl King and Earl Wayne Peeples], the State will recommend that Robert Taylor be sentenced to two (2) concurrent life terms rather than seeking the death penalty.
Any jury of average intelligence would have to be aware of benefits to Taylor of the plea agreement.

(6) Failure to Object to Improper Evidence of Other Crimes.

Petitioner claims that defense counsel failed to object in a timely manner to improper evidence of other crimes, viz, that the prosecutor deliberately put before the jury evidence that another person had been murdered. The jury already knew that two people were murdered in the apartment that night and evidence had been introduced over objection to such facts. [Exhibits 4-N (R.335); 4-D (R.336) (R.341-342)]. Petitioner has not shown that he was prejudiced by such alleged failure.

(7) Failure to Make an Adequate Request for Investigative Services.

On the direct appeal in this case, the appellant assigned as Error # 1 that the trial court erred in refusing the appellant's request to hire an investigator. Although no proposed names, locations or investigative possibilities were pointed out to the lower court, as stated, supra, relatives of the petitioner were unwilling to cooperate or come to Mississippi for the purpose of assisting in the trial.

(8) Failure to Object to Prosecution-Prone Jury.

The substance of this contention will be discussed in Section G, infra.

(9) Failure to Present Errors on Appeal.

Discussion of authorities hereinafter will relate to this contention.
The nine (9) claims hereinabove, which relate to the total claim of ineffective assistance of counsel must be considered, singly and collectively, after applying the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court has applied the standard in Leatherwood v. State, 473 So.2d 964 (Miss. 1985); Lambert v. State, 462 So.2d 308 (Miss. 1984); Ward v. State, 461 So.2d 724 (Miss. 1984); In Re Hill, 460 So.2d 792 (Miss. 1984); Stringer v. State, 454 So.2d 468 (Miss. 1984); and Thames v. State, 454 So.2d 486 (Miss. 1984).
In Leatherwood v. State, 473 So.2d 964 (Miss. 1985), on Motion to Vacate, or to Set Aside Judgment and Sentence pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated § 99-39-1, et seq. (Supp. 1985), relying *310 upon Strickland v. Washington, supra, this Court said:
The legal test as to effective assistance of counsel was recently established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), where the United States Supreme Court held that on a claim of ineffective assistance of counsel the benchmark is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at ___, 104 S.Ct. at 2064, 80 L.Ed.2d at 692-93. This is because counsel plays a critical role in assuring that the adversarial system does produce a just result.
The burden of proving ineffective assistance of counsel is on the defendant to show that the counsel's performance was (1) deficient, and that (2) the deficient performance prejudiced the defense. If the defendant fails to prove either component then reversal of a conviction or sentence is not warranted. 466 U.S. at ___, 104 S.Ct. at 2068, 80 L.Ed. at 693.
The defendant is required to specify the acts or omissions that are alleged to be the result of unreasonable legal assistance.
In assessing whether or not a defendant received a fair trial or whether a fair trial was undermined by counsel's errors: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." 466 U.S. at ___, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.
In assessing whether counsel's performance was deficient the standard of performance is that of "reasonably effective assistance." 466 U.S. at ___, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. This continues to be reasonableness under prevailing professional norms and reasonableness considering all the circumstances.
There is a strong presumption that counsel's conduct is within the wide range of reasonable professional conduct. There are however certain basic duties required of an attorney when representing a criminal defendant. These duties include the following: to assist the defendant, to advocate the defendant's cause, to consult the defendant on important decisions and to keep the defendant informed of important developments. However, there is no exhaustive list and no set of detailed rules which can take into account all the circumstances counsel faces or all the legitimate decisions on how to represent a defendant. There is no single, particular way to defend a client or to provide effective assistance.
To fairly assess the attorney performance "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at ___, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. A particular strategy must be assessed from its inception as to its unreasonableness rather than from its ultimate success or lack thereof.
The totality of the evidence before the judge or jury should be considered in assessing whether there was prejudice, not just the factual findings which are affected by error.
Along with the presumption that counsel's conduct is within the wide range of reasonable conduct, there is a presumption that decisions made are strategic. Murray v. Maggio, 736 F.2d 279, 292 (5th Cir. 1984). Courts are also reluctant to infer from silence an absence of strategy. Stanley v. Zant, 697 F.2d 955 (11th Cir.1983).
473 So.2d at 968-69.
We are of the opinion that the petitioner has not demonstrated that his claims of ineffective assistance of counsel have met the two-pronged test of Strickland v. Washington, supra, viz, (1) counsel's performance was deficient to the extent that he made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment, and (2) the deficient performance prejudiced the defense to the extent that *311 counsel's errors were so serious as to deprive petitioner of a fair trial, a trial whose result is reliable.

B.

Persistent Prosecutorial Misconduct Rendered The Trial and Sentencing Fundamentally Unfair.
Under Claim B, the petitioner presents eleven (11) designated areas in which he contends that prosecutorial misconduct rendered the trial and sentencing unfair. Motion, pp. 16-26. These claims were not raised either at trial or on direct appeal. Therefore, they are waived, and petitioner cannot now raise those issues. Billiot v. State, On Motion to Vacate or Set Aside Sentence, 478 So.2d 1043 decided October 30, 1985; Wilcher v. State, 479 So.2d 710 (Miss. 1985); Leatherwood v. State, 473 So.2d 964 (Miss. 1985); and Callahan v. State, 426 So.2d 801 (Miss. 1983), cert. den. 461 U.S. 943, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1984).

C  H(2d).
(No claim designated C).
Section D of the motion claims error on the failure of the lower court to grant an instruction on lesser-included offenses.
Section E contends the lower court did not instruct the jury on elements of the underlying felony of robbery.
Section F states the court failed to adequately instruct the jury at sentencing.
Section G claims that allowing the jury to consider as an aggravating circumstance, robbery for pecuniary gain, failed to narrow the class of death eligibility.
Section H states that allowing the jury to be qualified under the criteria set forth in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), prior to the guilt phase, resulted in a prosecution-prone jury.
Section H(2d) claims petitioner was denied the assistance of an independent psychological and/or psychiatric expert to assist him in his defense.
Requests were not made for the instructions referred to under Sections D and E; no assignments of error were asserted on the instructions during the sentencing phase or presented to the Court on direct appeal under Section F, and the claims are waived and procedurally barred. The Section G question was not raised at trial or on direct appeal and is waived. The Section H issue has been decided by this Court adversely to petitioner's contention, and the Fifth Circuit Court of Appeals has done likewise.[1]
In Section H(2d), petitioner claims that he was denied the assistance of an independent psychological and/or psychiatric expert to assist him in his defense. Petitioner was examined on court order by motion of the State. No further motion was made for additional examination at trial, no error was assigned in the denial of such assistance on direct appeal. The claim was waived and is procedurally barred.
We have considered the claims asserted by the petitioner, singly and collectively, and are of the opinion that they do not justify vacating the judgment and sentence in this case. Therefore, the Motion to Vacate or Set Aside Judgment and Sentence is denied.
MOTION TO VACATE JUDGMENT AND SENTENCE DENIED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] Petitioner relies on Grigsby v. Mabry, 758 F.2d 226 (8th Cir.1985). In Rault v. Louisiana, 772 F.2d 117 (5th Cir.1985), the Fifth Circuit Court of Appeals rejected the Grigsby rationale. Note that the United States Supreme Court has granted the State of Arkansas petition for writ of certiorari to review the decision of the Eighth Circuit affirming the district court's decision in Grigsby, supra. See: Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985).