No. 85–1652.   KEMP, WARDEN v. COLEMAN; and KEMP, WARDEN v. ISAACS ET AL.   C. A. 11th Cir.   Motions of respondents Coleman, Dungee, and Isaacs for leave to proceed *in forma pauperis* granted.   Certiorari denied.   THE CHIEF JUSTICE would grant certiorari.

No. 85–1673.   MILLER v. SOUTH CAROLINA.   Ct. Gen. Sess. S. C., Horry County.   Certiorari denied.   JUSTICE BRENNAN and JUSTICE MARSHALL would grant certiorari.

No. 85–5394.   JENKINS v. WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.   C. A. 11th Cir.   Certiorari denied.   JUSTICE MARSHALL would grant certiorari.

No. 85–5446.   BERRY v. KING, SECRETARY, LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.   C. A. 5th Cir.   Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

This is yet another capital case in which defense counsel failed to present *any* mitigation evidence whatsoever during the sentencing phase of a defendant's trial.   I believe that, except perhaps in the extraordinary case, counsel's failure even to attempt to give the jury some reason for believing a defendant is not deserving of death denies defendant his Sixth Amendment right to the effective assistance of counsel.   And I have yet to see that extraordinary case.   I would grant the petition for certiorari and vacate the sentence.