Benjamin A. BERRY, Petitioner-Appellant,

v.

C. Paul PHELPS, Secretary of Department of Corrections, and Frank Blackburn, Warden of Louisiana State Prison, Angola, Louisiana, Respondents-Appellees.

No. 86–3558.

United States Court of Appeals, Fifth Circuit.

July 30, 1986.

---

Samuel S. Dalton, Jefferson, La., for petitioner-appellant.

John Mamoulides, Dist. Atty., Gretna, La., for respondents-appellees.

Before GARWOOD, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

Petitioner, who is scheduled to be executed on August 1, 1986, appeals the order of the district court denying his application for habeas corpus, denying his application for a certificate of probable cause and for a stay pending appeal. The district court dismissed the writ application on grounds that Berry abused the writ. In addition to a notice of appeal, Berry has filed in this court an application for a stay of execution and leave to proceed in forma pauperis.

We do not reach the question of writ abuse because we conclude that even if the petitioner demonstrated "legal excuse" *Daniels v. Blackburn*, 763 F.2d 705 (5th Cir.1985), for filing his present writ application he is entitled to no habeas relief. Accordingly, we affirm the order of the district court denying federal habeas relief and also deny the certificate of probable cause to appeal and deny petitioner's application for a stay of execution.

Berry was convicted of first degree murder for the murder of Robert Cochran, a Jefferson Parish, Louisiana, deputy sheriff. Cochran was shot by Berry while Berry and others were in the course of attempting to commit an armed robbery. At the punishment phase of his trial, the death sentence was imposed. Berry's conviction and sentence were affirmed by the Louisiana Supreme Court, *State v. Berry*, 391 So.2d 406 (La.1980), and writs of certiorari were denied by the United States Supreme Court, 451 U.S. 1010, 101 S.Ct. 2347, 68 L.Ed.2d 863 (1981).

This is Berry's second round in the habeas arena. The denial of his first habeas petition was affirmed by the Louisiana Supreme Court. *State v. Berry*, 430 So.2d 1005 (La.1983). Berry then moved to the federal forum where his habeas petition was denied by the district court and affirmed by this court at 765 F.2d 451 (5th Cir.1985). Certiorari was denied by the Supreme Court. *Berry v. King*, — U.S. —, 106 S.Ct. 2290, 90 L.Ed.2d 731 (1986).

In this, his second federal writ application, Berry raises a single issue: whether the State of Louisiana discriminatorily administers its death penalty against defend-

ants accused of killing Caucasians. Berry, who is Caucasian, does not argue that he was discriminated against because of his race; his sole argument is that the death penalty has been discriminatorily imposed because his victim, Mr. Cochran, was Caucasian. Berry presented the identical claim to the Louisiana Supreme Court and relief was denied.

Our precedents clearly establish that a state prisoner is not entitled to habeas relief on this ground. In *Prejean v. Maggio,* 765 F.2d 482, 486 (5th Cir.1985) we stated:

.To create a fact issue warranting an evidentiary hearing, a statistical proffer must be "so strong that the results would permit no other inference but that they are the product of racially discriminatory intent or purpose." *Smith v. Balkcom,* 671 F.2d 858, 859, modifying 660 F.2d 573 (5th Cir.), cert. denied, 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982). Prejean's tender does not meet this standard.

*Smith v. Balkcom, id.,* and *Spinkellink v. Wainwright,* 578 F.2d 582 (5th Cir.1978), remain the touchstone of our analysis. In both *Smith* and *Spinkellink,* we said the proof must establish specific acts evidencing intentional or purposeful discrimination *"against the petitioner"* on the basis of race. *Id.* at 614 n. 40, *quoted in Smith,* 660 F.2d at 585 (emphasis supplied in *Smith* ).

Based on this authority we affirm the denial of habeas relief.

■ In view of the recent grant of certiorari by the Supreme Court in two cases, the only question remaining is whether we should stay the execution and grant a certificate of probable cause to appeal.

The Supreme Court granted a writ of certiorari in *McCleskey v. Kemp,* —— U.S. ——, 106 S.Ct. 3331, 92 L.Ed.2d 737, to consider several issues, including: Whether a proven disparity in the imposition of capital sentences, reflecting a systematic bias of death-sentencing outcomes against black defendants and those whose victims are white, offend the Eighth and Fourteenth Amendments irrespective of its magnitude?

The Court also granted writs in *Hitchcock v. Wainwright,* —— U.S. ——, 106 S.Ct. 2888, 90 L.Ed.2d 976 (1986), to consider inter alia: Whether Mr. Hitchcock should be provided the opportunity to prove at an evidentiary hearing his claim that the death penalty is being arbitrarily applied in Florida on the basis of race and other impermissible factors in violation of the Eighth and Fourteenth Amendments especially in view of the new standards for evaluating such claims announced by the Court of Appeals?

We were able to determine from the opinion of the district court that McCleskey is a black man. *See McCleskey v. Zant,* 580 F.Supp. 338, 379 (N.D.Ga.1984). The opinions of the district court and the court of appeals in *Hitchcock* do not refer to Hitchcock's race and we are unable to determine that fact from the reported cases.

The significance of the grant of certiorari in these two cases is unclear. *McCleskey* is readily distinguishable from the instant case because McCleskey is black and contends that the State of Georgia is applying its death penalty in a manner that discriminates against blacks. We are unable to determine whether Hitchcock's case is similarly distinguishable. It is clear, however, that there are no overtones of racial discrimination against Berry in this case: Berry, a Caucasian, was convicted of murdering deputy Cochran, also a Caucasian.

On July 18, 1986, we granted a certificate of probable cause and a stay of execution in *Johnson v. McCotter,* 794 F.2d 1011 (5th Cir.1986). In that case we discussed two claims raised by the habeas petitioner: the discriminatory application of the Texas Death penalty to Johnson, a black man, see *Johnson v. State,* 691 S.W.2d 619, 621–22 (Tex.Cr.App.1984), and whether Johnson was sentenced to death in violation of *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), for aiding and abetting a felony in which a murder was committed by *others.*

Because of the alleged *Enmund* error, we carefully noted: "We need not decide

whether we would grant a certificate of probable cause and stay of execution solely on the Supreme Court's action in *McCleskey*." It is clear from this language that our ruling in *Johnson* is not precedent for granting a certificate of probable cause or a stay of execution in this case.

The grant of certiorari in *Hitchcock* and *McClesky* does not suggest that Berry's claim has validity. In the absence of an express affirmative declaration by the Supreme Court that executions should be stayed in cases presenting the issue raised by Berry, we conclude that we should follow our own clear precedents and deny a certificate of probable cause and a stay of execution. In sum, we conclude that the grant of certiorari in *Hitchcock* and *McCleskey* is insufficient to raise in this case a debatable issue among jurists of reason so that a certificate of probable cause is warranted. *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

Accordingly, it is ordered that the judgment of the district court denying habeas relief is AFFIRMED.

It is further ordered that the applications for a certificate of probable cause and for a stay of execution are DENIED.