No. 85–6889.   DUFOUR *v.* MISSISSIPPI.   Sup. Ct. Miss.   Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of Mississippi insofar as it left undisturbed the death sentence imposed in this case.   *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting).   However, even if I believed that the death penalty could be imposed constitutionally under certain circumstances, I nevertheless would grant certiorari because this petition presents an important issue concerning the application of this Court's decision in *Strickland* v. *Washington*, 466 U. S. 668 (1984).

I

Petitioner Donald Dufour was convicted of capital murder occurring in the course of a robbery.   His appointed counsel presented no evidence in mitigation of sentence at the penalty phase of his trial.   The jury found that the State had established two aggravating circumstances and recommended a sentence of death.   The State Supreme Court affirmed petitioner's conviction and death sentence.   *Dufour* v. *State*, 453 So. 2d 337 (1984).   This Court denied certiorari.   *Dufour* v. *Mississippi*, 469 U. S. 1230 (1985).   Petitioner then instituted a postconviction proceeding to vacate judgment and sentence in the state trial court, contending that he

had received ineffective assistance of counsel in that his appointed trial counsel had failed to request appointment of a psychiatrist to assist the defense in developing psychological evidence to be submitted to the jury in mitigation of sentence. The trial court summarily denied this and petitioner's other claims, and the State Supreme Court affirmed. 483 So. 2d 307 (1986).

It appears that in his postconviction application, petitioner again requested appointment of a psychiatrist to assist counsel in showing that petitioner's defense at the penalty phase of his trial was prejudiced by the absence of psychological evidence. He submitted the affidavit of Dr. Stanley, the court-appointed psychiatrist who had previously examined him for the purpose of determining his competency to stand trial. Dr. Stanley stated that the limited examination he had conducted for purposes of determining competency bore no relation to the more extensive and qualitatively different investigation required to present useful assistance to trial counsel on the subject of mitigation. Pet. for Cert. 7. Both the trial court and State Supreme Court denied relief without ruling on petitioner's renewed request for the appointment of a psychiatrist; no evidentiary hearing was held on petitioner's claim of ineffective assistance. The State Supreme Court affirmed the denial of relief, stating:

> "Petitioner claims that defense counsel failed to make application to the trial court for funds to conduct a psychological evaluation of petitioner for the purpose of determining whether mitigating circumstances existed. Further, that he had no expert assistance because counsel did not request it. However, petitioner was examined pursuant to a court order. The professionals were not people selected by the State, but by the trial court. Petitioner has failed to present facts which show there existed mitigating circumstances of a psychological nature, which could have been presented by Dr. Stanley. It is not shown that such an examination would have produced the claimed results, nor has prejudice been shown." 483 So. 2d, at 308.

## II

In *Strickland, supra,* this Court established a two-part standard for evaluating claims of ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687. For the reasons I then stated in dissent, I continue to believe that "a showing that the performance of a defendant's lawyer departed from constitutionally prescribed standards requires a new trial regardless of whether the defendant suffered demonstrable prejudice thereby." *Id.*, at 712. The present case provides a graphic demonstration of the untenable nature of the prejudice standard announced in *Strickland.*

The State Supreme Court, in affirming the denial of postconviction relief on this claim, relied entirely upon the prejudice portion of the *Strickland* standard. 483 So. 2d, at 308. Petitioner's claim was denied because he did not proffer the psychiatric evidence which he contended should have been introduced at trial. He did not do so precisely because, as an indigent, he could not afford to retain a psychiatrist to make an examination either in preparation for trial or upon his application for postconviction relief. In short, the prejudice standard in such a circumstance is insurmountable; prejudice cannot be shown because the alleged error of counsel was in failing to seek the appointment of an expert without whose assistance the evidence which would show prejudice cannot be brought to light. On a claim of this kind petitioner cannot submit affidavits of witnesses who were not investigated or who were not called, or in some other manner raise an inference as to prejudice. The essence of psychiatric evidence rests in the expert qualifications of the objective examiner; if the examiner will not volunteer his services, petitioner must content himself with only so much justice as he can pay for.

In *Ake* v. *Oklahoma*, 470 U. S. 68, 80 (1985), this Court recognized that under some circumstances "the assistance of a psychiatrist may well be crucial to the defendant's ability to marshal his defense," and that in these conditions the accused is entitled to the appointment of psychiatric assistance at public expense. That the failure to seek such appointment to assist counsel in the development of evidence in mitigation of sentence may in some cases rise to the level of constitutionally ineffective assistance I do not

doubt.[1]  "[C]ounsel's general duty to investigate . . . takes on supreme importance to a defendant in the context of developing mitigating evidence to present to a judge or jury considering the sentence of death; claims of ineffective assistance in the performance of that duty should therefore be considered with commensurate care."  *Strickland,* 466 U. S., at 706 (BRENNAN, J., concurring in part and dissenting in part).[2]  The prejudice prong of *Strickland,* as it was applied below, will have the effect of depriving all such defendants of their constitutional rights solely as a result of their indigence.  Because I believe that such application of the *Strickland* standard is incompatible with the requirements of the Constitution, I would grant the petition for certiorari.

---

[1] I would not reach the question whether counsel's failure in this case to move for the appointment of a psychiatrist was constitutionally deficient representation under the first part of the test established by *Strickland* v. *Washington,* 466 U. S. 668 (1984).  The correctness of the State Supreme Court's determination on the question of prejudice is the sole issue posed by the petition.

[2] I note that petitioner's trial counsel failed to present any evidence at all in mitigation of sentence.  As I have previously stated, I believe that in all but the most extraordinary cases, such failure is, without more, a denial of effective assistance of counsel.  See *Berry* v. *King,* 476 U. S. 1164 (1986) (MARSHALL, J., dissenting from denial of certiorari).