628 A.2d 182

**Donna Jo DENSON**

v.

**STATE of Maryland.**

**No. 60, Sept. Term, 1992.**

Court of Appeals of Maryland.

July 27, 1993.

Jennifer P. Lyman, Director, Appellate Advocacy Clinic, on brief, Washington, DC, for petitioner.

Tarra DeShields–Minnis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, all of brief) Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (Retired), Specially Assigned.

ROBERT M. BELL, Judge.

Donna Jo Denson, the petitioner, was tried in the Circuit Court for Baltimore County, for the murder of Valerie Brown and related charges. The State's case against the petitioner consisted of evidence, largely confirmed by the petitioner's own testimony,[1] that: at the time of the murder, she was present with Rowland Hudson, her boyfriend and co-defendant, who ultimately pled guilty to the murder, near the scene of the murder; shortly after the murder, she was in possession of some of the victim's property and, in fact, used the victim's credit card to make purchases of gas and cigarettes; on the day after the murder, she attempted to use the victim's credit card to purchase clothing; when she was arrested, she told Hudson, "Don't say anything, don't say anything;" and Hudson shouted to her, "Don't break, baby, don't break."

At the close of all the evidence, the petitioner requested the following jury instruction based on the principle enunciated in *West v. State,* 312 Md. 197, 539 A.2d 231 (1988):

If the evidence presented to you is capable of two or more inferences, one consistent with guilt and one consistent with innocence, you must give the defendant the benefit of the inferences consistent with innocence.

Instead of adopting the petitioner's proffered instruction, the trial court reformulated it and instructed the jury as follows:

If evidence presented to you is capable of two or more inferences of *equal weight,* one consistent with guilt and one consistent with innocence, you must give the Defendant the

---

1. The petitioner, testifying in her own defense, admitted that she was seated in the passenger seat of a car in the parking lot of the Westview Quality Inn at the time of Brown's murder, that when Hudson returned to the car, he had in his possession a red leather wallet, which she knew did not belong to him, containing money that she assumed had come from a robbery, and that she used the victim's credit card to make purchases. She also testified that, when he returned to the car, Hudson may have told her that "I had to bust her." The petitioner denied, however, that she was aware that Hudson had a gun or that he intended to rob and kill the victim, or anyone else, when he left the car.

benefit of the inference consistent with innocence. (emphasis supplied)

The jury having returned a verdict of guilty as to felony murder, robbery with a dangerous and deadly weapon, use of a handgun in the commission of a felony, and theft, and the court having sentenced her, the petitioner appealed to the Court of Special Appeals. That court affirmed the judgments in an unreported opinion. The petition for writ of certiorari which the petitioner then filed with this Court sought review of the propriety of the instruction the court actually gave in this case. In particular, the petitioner asked whether that instruction, which required the jury to weigh the inferences favoring the State against the inferences favoring the defendant and find them of equal weight before giving the defendant the benefit of the favorable inferences, was proper. The State filed a cross-petition in which it urged that it was not proper to give a reasonable hypothesis of innocence instruction, the issue addressed by that proposition being exclusively a matter of the sufficiency of the evidence. We granted both petitions.

We have recently filed our opinion in *Hebron v. State,* 331 Md. 219, 627 A.2d 1029 (1993). In that case, we considered the very issue raised by the State's cross-petition. We held that the proposition that a conviction based solely on circumstantial evidence cannot stand unless the circumstances are inconsistent with any reasonable hypothesis of innocence is a matter of evidentiary sufficiency, rather than a proper subject of jury instructions. 331 Md. at 234–235, 627 A.2d at 1036–1037. In arriving at that holding, we recognized that "Maryland has long held that there is no difference between direct and circumstantial evidence," 331 Md. at 226, 627 A.2d at 1032, and that:

" '[C]ircumstantial evidence need not be such that no possible theory other than guilt can stand. . . . It is not necessary that the circumstantial evidence exclude every possibility of the defendant's innocence, or produce an absolute certainty in the minds of the jurors. The rule does not require that the jury be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to

establish the defendant's guilt.' 3 *Wharton's Criminal Evidence* (12th Ed.1955) § 980, p. 477. While it must afford the basis for an inference of guilt beyond a reasonable doubt, it is not necessary that each circumstance standing alone, be sufficient to establish guilt, but the circumstances are to be considered collectively. 1 *Underhill's Criminal Evidence* (5th Ed.1956) § 17, p. 23 and p. 25."

331 Md. at 227, 627 A.2d at 1033, quoting *Gilmore v. State,* 263 Md. 268, 292–93, 283 A.2d 371, 384 (1971), *vacated in part, Gilmore v. Maryland,* 408 U.S. 940, 92 S.Ct. 2876, 33 L.Ed.2d 763 (1972).

We also reviewed *Wilson v. State,* 319 Md. 530, 573 A.2d 831 (1990) and *West v. State,* 312 Md. 197, 539 A.2d 231 (1988), in both of which the reasonable hypothesis principle was applied, noting the significance, in those cases, of the constitutional standard of review for sufficiency of the evidence. In that regard, we were cognizant of the sharp dichotomy between the role of the judge and that of the jury: "[t]he task of determining the sufficiency of the evidence is entrusted, in the first instance, to the trial judge," 331 Md. at 232, 627 A.2d at 1035; "[d]etermining the sufficiency of the evidence is not a part of resolving conflicting interpretations of the law of the crime or deciding whether to apply that law in dubious factual situations," 331 Md. at 233, 627 A.2d at 1036, matters, along with being the sole judge of the facts, exclusively entrusted to the jury. 331 Md. at 233, 627 A.2d at 1036. Thus, we concluded:

Whether the evidence is direct or circumstantial, consists of multiple strands or just a single strand, it must initially be considered by the judge for its sufficiency to sustain a conviction. If the judge determines that it is sufficient, the judge will submit the issues to the jury for its determination, thereby certifying the legal sufficiency of the evidence. On the other hand, if the judge determines that the evidence is legally insufficient to permit a finding of guilt, then the judge must direct a verdict of acquittal, there being nothing for the jury to decide.

331 Md. at 235, 627 A.2d at 1037 (citation omitted).

*Hebron,* therefore, is dispositive of the issue presented by the State's cross-petition. Nonetheless, the issue presented

by the petitioner is not thereby rendered moot. Once it has been decided that the petitioner was not entitled to an instruction on reasonable hypothesis of innocence, that determination being one for the court, rather than the jury, it does not follow that the petitioner simply received more than that to which she was entitled.

█ The petitioner contends that the trial court committed reversible error by giving an instruction that misstated the reasonable hypothesis of innocence principle. That principle, as enunciated in *West*, the petitioner argues, does not require that the competing inferences weigh equally against each other as a condition precedent to the jury giving the defendant the benefit of the inference consistent with the defendant's innocence. As noted earlier, the trial judge instructed the jury as follows:

> If evidence presented to you is capable of two or more inferences of equal weight, one consistent with guilt and one consistent with innocence, you must give the defendant the benefit of the inference consistent with innocence.

In *Morales v. State*, 325 Md. 330, 600 A.2d 851 (1992), we reversed the defendant's convictions when information given by the trial court to the unrepresented defendant was misleading. In that case, after advising the defendant of his right to remain silent and that if he exercised his right no inference of guilt could be drawn from his refusal to testify, the trial court which was not required to do so, *id.* at 337, 600 A.2d at 854, informed the defendant that if he elected to testify, "he would risk being impeached by the State with evidence of prior criminal convictions." *Id.* at 336, 600 A.2d at 854.[2] Although

---

**2.** Specifically, the trial court said:

> "But if you take the stand and testify and you have been convicted of a crime before, they may ask you, they meaning the State may ask you about that. Not to prove that because you were guilty before that you are guilty now, but they may bring it up to show whether or not you should be believed or not. It goes to what they call veracity, believability."

*Morales v. State*, 325 Md. 330, 334, 600 A.2d 851, 853 (1992) (emphasis omitted).

the defendant had a number of convictions, including possession and possession with intent to distribute PCP, only one was clearly admissible for impeachment. *Id.* at 338–39, 600 A.2d at 855. The information thus conveyed, we observed, the "incorrect implication that all of [the defendant's] prior convictions could be used to impeach him," an implication upon which the defendant apparently acted when he changed his mind and elected not to testify. *Id.* at 339, 600 A.2d at 855. We held that, while the trial court was not required to inform the defendant of the possibility that he could be impeached by the State on cross-examination, *id.* at 336–37, 600 A.2d at 854, when it elected to do so, it was obliged to do so correctly. *Id.* at 337–38, 600 A.2d at 854–55.

Turning to the instruction in this case, we make the threshold observation that jury instructions must be viewed as a whole and that portions should not be read out of their proper context. *Mack v. State,* 300 Md. 583, 598, 479 A.2d 1344, 1351 (1984); *Bowers v. State,* 298 Md. 115, 159, 468 A.2d 101, 124, *appeal after remand,* 306 Md. 120, 507 A.2d 1072, *cert. denied,* 479 U.S. 890, 107 S.Ct. 292, 93 L.Ed.2d 265 (1986); *Poole v. State,* 295 Md. 167, 186, 453 A.2d 1218, 1228 (1983). Reading the instruction given in this case in that light, we conclude that it may have affirmatively misled the jury. The reasonable hypothesis of innocence principle expressly does not require that the competing inferences be of equal weight.

The trial judge, in effect, instructed the jury that if the evidence reasonably permitted it to draw both an inference of innocence and of guilt, it must draw the inference of guilt unless it also found the inference of innocence to be at least equal in weight to the inference of guilt. This amounted to a change in the State's burden of proof to a preponderance of the evidence. At best, the instruction confused the burden of proof. While the reasonable hypothesis of innocence principle is a matter of evidentiary sufficiency, rather than a proper subject of jury instruction, *Hebron,* 331 Md. at 233, 627 A.2d at 1036, when a trial court does instruct the jury on that

proposition, it must accurately state it; the court must be careful not to mislead or confuse the jury.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO FURTHER REMAND TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.