634 A.2d 988

**J.C. BYRD, Jr.**

**v.**

**STATE of Maryland.**

**No. 425, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Dec. 30, 1993.

Melissa M. Moore, Asst. Public Defender, submitted (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Thomas G. Peter, Asst. Atty. Gen., Baltimore, submitted (J. Joseph Curran, Atty. Gen., Baltimore, and Davis R. Ruark, State's Atty. for Wicomico County, Salisbury, on the brief), for appellee.

Submitted before BISHOP, WENNER and DAVIS, JJ.

DAVIS, Judge.

J.C. Byrd, Jr., appellant, was convicted at a bench trial in the Circuit Court for Wicomico County (Simpson, J.) of possession with intent to distribute marijuana, possession of marijuana, and use of drug paraphernalia. Finding that appellant was a subsequent offender, the court imposed a sentence of six years to the Department of Corrections for the conviction of possession with intent to distribute marijuana and merged the other convictions.

On appeal, appellant presents the following questions:

I.   Did the record fail to show a valid jury trial waiver?

II.  Did the lower court err in permitting improper cross-examination of appellant?

III. Is appellant's sentence illegal because he was improperly sentenced as a subsequent offender?

According to the record, Maryland State Trooper E.W. Starner stopped the vehicle that appellant was driving because it failed to display a front vehicle tag. A subsequent search of the vehicle revealed drugs and drug paraphernalia.

## I.

Appellant first contends that the "record fails to show a valid jury trial waiver." Conceding that the court properly advised him regarding the composition of the jury, the standard of proof, and the requirement of unanimity, appellant, nevertheless, insists that he did not knowingly and voluntarily waive his right to a jury trial because the court erroneously advised him "that the maximum sentence for felonious possession of marijuana was five years" when, as a subsequent

offender, he was actually at risk of receiving a sentence of ten years.

Maryland Rule 4–246(b) says:

A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.

In *Tibbs v. State,* 323 Md. 28, 590 A.2d 550 (1991), the Court of Appeals held that the trial judge had to be satisfied that the accused's waiver was not a product of duress or coercion and that the accused had some knowledge of the right that was being waived. Appellant concedes that there was compliance with the rule.

The State concedes that the court did advise appellant that he would be subject to a maximum sentence of five years for the "felonious possession of marijuana." The State also concedes that, as a subsequent offender, appellant was subject to a sentence of ten years under art. 27, § 293 with the first two years to be served without parole under art. 27, § 286(b)(3).[1] Appellant, recognizing that the explanation was not required, nonetheless argues that, because the judge decided to inform him of the maximum sentence, he was required to give a complete explanation of the possible sentence.

■ We do not agree with appellant's assessment. He cites only *Tibbs, supra; State v. Hall,* 321 Md. 178, 582 A.2d 507 (1990); and *Hamilton v. State,* 79 Md.App. 140, 555 A.2d 1089 (1989). The asserted error of the trial court related to appellant's waiver of the right to a jury trial. Although the Court of Appeals decried misleading advisement by the trial court where the defendant was unrepresented, *Morales v. State,* 325 Md. 330, 600 A.2d 851 (1992), under these circum-

---

1. All subsequent statutory references are to article 27 of the Maryland Annotated Code.

stances where appellant was represented by competent counsel, we are not persuaded that *Morales* is controlling. Appellant refers us to no law that mandates that the court had to advise him of the maximum sentence as a prerequisite to waiving his right to a jury trial. Moreover, it is not required that the court make such an explanation in order to insure that the accused is properly waiving a jury trial right. We find that the failure of the court to explain the potential effect on the sentence of a prior conviction had no bearing on appellant's waiver of the right to a jury trial. Appellant was not pleading guilty. Under the circumstances, we perceive no error.

## II.

Appellant also contends that the court erred in allowing him to be improperly cross-examined by the prosecutor. At trial, the court overruled appellant's objection to the State's question, "On that time, isn't it true that you told Miss Plater to claim all the drugs w[ere] hers?" According to the State, Miss Plater, the owner of the vehicle, was a passenger in the car and told the police that the drugs belonged to her.

Preliminarily, the objection was made after appellant's answer was given. It is not properly preserved. *See Bruce v. State,* 328 Md. 594, 616 A.2d 392 (1992).

Appellant also insists that the question was improper because it related to an attempt by appellant to suborn a witness. Surely, appellant's counsel knew the basis for the objection as soon as the question was asked. Since there was no objection before the answer was given, it was waived. The issue is not preserved. Md.Rule 4–323(a).

Even if the issue were properly preserved, appellant still would not prevail. Initially, this testimony had already been provided by Maryland State Trooper E.A. Plank, who had said that, when he took a statement from Miss Plater, she told him that the marijuana belonged to her.

■ We think that the prosecutor's question to appellant was proper. It related to appellant's attempt to suborn a potential witness. An attempt to suborn a witness is relevant and is admissible as conduct tending to show appellant's guilt. *See Saunders v. State,* 28 Md.App. 455, 346 A.2d 448 (1975).

As to there being no basis for the question, the record does not support this complaint. There was no argument regarding the objection, no request for the basis of the objection, and no request for a proffer.

Appellant also complains that the prosecutor "simply asked the question to prejudice the jury against [him]." It is assumed, however, that judges are persons of "discernment, learned and experienced in the law and capable of evaluating the materiality of evidence." *State v. Babb,* 258 Md. 547, 551, 267 A.2d 190 (1970). Appellant's complaints fail to overcome this proposition. We perceive no error by the trial court in allowing the prosecutor on cross-examination to ask appellant about an attempt to suborn a witness.

### III.

Lastly, appellant contends that his "sentence is illegal because he was improperly sentenced as a subsequent offender." He argues that his 1987 convictions in Washington, D.C. for possession of marijuana and phencyclidine cannot serve as predicate offenses for the court's sentencing of him as a subsequent offender under § 293. He relates that elsewhere in the drug statute, *i.e.,* § 286(c)(1)(iii), Washington, D.C. is specifically listed as one of the jurisdictions from which predicate convictions "may flow." Thus, he concludes that, since the District of Columbia is not specifically mentioned in § 293, the Legislature did not intend any conviction there to be used as a predicate conviction under that section.

Section 293(b) states:

For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the conviction of the offense, the offender has at any time been convicted of any offense or offenses under this subheading or under any prior law of this State or *any law of the United States or of any other state* relating to the other controlled dangerous substances as defined in this subheading. (Emphasis added.)

Appellant ignores the delegation of powers by Congress to the District of Columbia (D.C.) pursuant to the D.C. Self–Government and Governmental Reorganization Act (Dec. 24, 1973, 87 Stat. 774, Pub.L. 93–198), hereinafter the Act. Section 293 was enacted prior to D.C. home rule and convictions in D.C. were encompassed by the language "convicted of any offense or offenses under ... any law of the United States." 1970 Md.Laws, ch. 403. By contrast, § 286(c)(1)(iii), which specifically mentions D.C., was not enacted until 1991, subsequent to D.C. home rule. 1991 Md.Laws, ch. 185.

■ Although penal statutes are to be strictly construed against the State and in favor of the defendant so that only punishment contemplated by the words of the statute is imposed, *see Harris v. State,* 331 Md. 137, 145, 626 A.2d 946 (1993), the Maryland Legislature clearly intended to include convictions in D.C. as predicate offenses because it used the language "any" law of the United States, whether the law was national or municipal in scope. Furthermore, Congress stated that "[n]o law or regulation which is in force on January 2, 1975, shall be deemed amended or repealed by this Act ... [except] to the extent that such law or regulation is inconsistent with this Act." D.C.Code § 1–208 (1981); 87 Stat. 820, Pub.L. 93–198. Congress did not amend or repeal the use of convictions in D.C. as predicate offenses under § 293 by creating D.C. home rule.

**JUDGMENTS AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**