467 A.2d 196

**Ada E. McSLARROW, Personal Representative of the Estate of Duane C. McSlarrow**

v.

**Steven Kim WALKER.**

**No. 1800, Sept. Term, 1982.**

Court of Special Appeals of Maryland.

Nov. 2, 1983.

Certiorari Denied April 2, 1984.

---

Thomas B. Lawrence, Washington, D.C., for appellant.

Charles C. Bowie, Rockville, with whom were Brault, Graham, Scott & Brault, Washington, D.C., on brief, for appellee.

Argued before LISS, ADKINS and GETTY, JJ.

GETTY, Judge.

Ada E. McSlarrow, appellant herein, brought an action as surviving widow and personal representative of the estate of her husband, Duane C. McSlarrow, for damages resulting from the death of her spouse on January 4, 1980. A two day jury trial in the Circuit Court for Prince George's County on August 9th and 10th, 1982, resulted in verdicts for the appellant: $150,000.00 in the survivor's case and the sum of $2,580.00 in the action as personal representative.

█ Thereafter, the trial court (Levin, J.) granted a motion for judgment n.o.v. filed on behalf of the appellee.[1] The sole reason for the court's action was his finding that appellant produced no credible evidence proving that appellee's vehicle was the instrument causing the death of Duane C. McSlarrow.

Appellant raises the precise issue decided by the trial court, i.e.:

Whether there was credible evidence introduced at trial from which a reasonable person could conclude that appellee's automobile was the instrument causing decedent's death?

Appellee raises two additional issues:

Whether the evidence compelled a finding, as a matter of law, of no primary negligence on the part of the appellee, Walker?

---

1. The trial court denied defendant-appellee's Motion for Directed Verdict filed at the close of plaintiff-appellant's case. The court reserved its ruling on a similar motion renewed at the conclusion of the entire case. Pursuant to Md.Rule 563a.2, where the court reserves decision on a Motion for Directed Verdict and submits the case to the jury, that action by the court operates as a motion for judgment n.o.v., *Morris v. Williams*, 258 Md. 625, 267 A.2d 148 (1970).

Whether the evidence compelled a finding, as a matter of law, that the deceased, McSlarrow, was guilty of contributory negligence?

A review of the facts is essential to our determination of the issues.

## FACTS

The decedent left his home at 9899 Good Luck Road, Greenbelt, Maryland, on January 4, 1980, at 6:05 A.M. to go to work. He was driving a 1976 Dodge Charger, maroon in color, in a westerly direction on Greenbelt Road. The highway on which he was traveling consists of four lanes with a grass median strip. A short distance from the intersection of Greenbelt Road and Cipriano Road the decedent ran out of gas. At the time, the vehicle was in the left lane of Greenbelt Road and parallel to the grass median.

A police officer, Lawrence Hill, testified that he observed the McSlarrow vehicle at approximately 6:25 A.M. when he was proceeding east on Greenbelt Road on routine patrol. He observed that the flashing lights were operating and the hood was raised. Within twenty to thirty minutes after he first observed the disabled vehicle, Officer Hill received a call concerning an accident and returned to the scene. He observed that the McSlarrow vehicle, the same car he had seen earlier, had been struck in the rear by a Chevrolet van and the car was now sitting in the median strip of the highway. The accident investigation, however, was made by another officer, because Officer Hill's shift had ended.

Officer Hill was shown two photographs and was then asked:

MR. LAWRENCE: Officer, I show you two documents which are reported to be pictures, which purport to be pictures. I ask you whether or not if this is the vehicle that was involved in the collision that day?

A. It looks like the same vehicle. Yes.

Q. Did you observe any markings on the rear of the vehicle?

A. Any identifying marks?

Q. From the person or the person, Mr. McSlarrow, who was there?

A. The only markings was the damage that occurred from the striking vehicle. The damage that appeared, it appeared as though the gentleman that·was driving or the gentleman that was struck was between.[2]

MR. BOWIE: Objection as to appearances. He can answer the question as posed, but that goes beyond that.

THE COURT: Overruled.

THE WITNESS: It appears as though the gentleman that was struck was pinned between the two vehicles when they collided.

MR. BOWIE: That was Plaintiff's Exhibit 3 you are referring to. Does Plaintiff's 2 also depict that same automobile? Respectfully I object.

Mary Ellen Hammond, a witness called on behalf of the appellant, testified that she observed a disabled vehicle with flashing lights in the left lane of Greenbelt Road as she was proceeding in the opposite direction enroute to work. Mrs. Hammond worked for the C & P Telephone Company with Mrs. McSlarrow and learned of the accident when a police officer came to the office to advise Mrs. McSlarrow that her husband had been killed in a traffic accident.

Steven Kim Walker, appellee, and James David Wright, a passenger in the Walker van, testified that they did not see the McSlarrow vehicle prior to the impact. Walker estimated his speed to be forty-five miles per hour, indicated that his headlights were on low beam and that the traffic light immediately beyond the stalled vehicle was green at the time of the collision. Both passenger and driver testified that they were observing the roadway ahead until the collision occurred.

---

2. Mrs. McSlarrow testified that the gasoline tank on the Dodge was located at the center of the car below the trunk. The photographs of the McSlarrow vehicle are not in the record. We are unable, therefore, to determine what damage is shown on the photos introduced in evidence.

Cora Allen, appellee's witness, stated that she was employed at the Goddard Minimarket located at 8711 Greenbelt Road on the morning of January 4, 1980. She opened the business at 6:30 A.M. and shortly thereafter a man appeared, carrying a gasoline can. He advised Ms. Allen that he "ran out of gas down the road." She sold the customer a quantity of gasoline and he left the station on foot. Shown a photograph of the deceased, Ms. Allen responded "uh huh" when asked if the photograph looked like the person who purchased the gasoline that morning.

The final witness was Constance Jean Stringfellow, a school bus operator. At the time of the accident, Ms. Stringfellow was proceeding in a westerly direction on Greenbelt Road in the right lane. Prior to the collision she observed appellee's vehicle directly to her left. She said:

"As I got closer to Cipriano it is only like seconds from one light to the next. I seen a car in the fast lane with its back lights on. It was like a flash that I realized the car did not move.... At that moment I heard a scream of brakes."

Ms. Stringfellow heard the crash, but did not see the impact between appellee's van and the disabled vehicle. She stopped after proceeding through the light and testified, over objection, that she observed a man's body under the front part of the van. She left the scene shortly thereafter.

Until Ms. Stringfellow testified, no one placed the deceased at the scene of the accident. Counsel disagree as to whether appellee advised the jury in opening statement that the deceased's body was discovered under the front of the van. We cannot say, because opening statements were not transcribed. We, as was the trial court, are at a loss to understand why the appellant did not produce an autopsy report or a death certificate or some evidence of the injuries sustained by the deceased. Obviously, this fifty-three year old man did not depart from this earth without some official record of his demise and the reasons therefor.

THE LAW

■ In determining whether a plaintiff has produced sufficient evidence to require the court to submit a case to the jury, the trial court is governed by the same considerations in determining a motion for directed verdict as it is in determining a motion for judgment n.o.v. *Wheeler v. Katzoff*, 242 Md. 431, 219 A.2d 250 (1966). "It must assume the truth of all credible evidence on that issue and of all inferences fairly deducible therefrom, and consider them in the light most favorable to the party against whom the motion is made." *Buchanan v. Galliher and Harless*, 11 Md.App. 83, 272 A.2d 814 (1971). "If there is any competent evidence, however slight, leading to support the plaintiff's right to recover, the case should be submitted to the jury," and a motion for judgment n.o.v. denied. *Belleson v. Klohr*, 257 Md. 642, 264 A.2d 274 (1970); *Miller v. Michalek*, 13 Md.App. 16, 281 A.2d 117 (1971).

The credible evidence upon which appellant relies is that McSlarrow's vehicle was disabled and that he took reasonable measures to alert other motorists of that fact by raising the hood and turning on his flashing lights. A man answering McSlarrow's description purchased a can of gasoline shortly before the accident and stated to the attendant, Ms. Allen, that he had run out of gas. Officer Hill returned to the location of the disabled vehicle that he had observed earlier and described the physical damage to the McSlarrow vehicle. His testimony concerning the deceased is unclear. He stated initially that the only marking "was from the striking vehicle," then added, "the damage that appeared, it appeared that the gentleman ... who was struck was between." Whether the officer was referring to some damage made by a body or was theorizing that the deceased was between the vehicles is speculative. The final circumstance relied upon by the appellant is that a body, obviously McSlarrow, was found under the front of the appellee's van and the police notified Mrs. McSlarrow at her place of employment that her husband had been killed in a traffic accident.

Admittedly, appellant did not affirmatively establish, as the trial court so found, that McSlarrow died as a direct result of the collision between his car and the Walker van. For the purposes of the motion n.o.v., however, the court is required to assume the truth of the evidence on that issue and *all inferences fairly deducible therefrom* and consider them most favorably toward the party against whom the motion is directed. The evidence, considered in that context, we think, was minimally sufficient to submit the case to the jury. We hold, therefore, that the court erred in granting appellee's motion for judgment n.o.v.

McSlarrow left his home at an early hour to go to work. When he ran out of gas he did what he could to alert other drivers of the presence of his car on the highway and went for gasoline. He obviously returned to his car. Did he sustain a heart attack? Was he struck by another vehicle prior to the collision with the Walker van? We readily admit that such events are possibilities, but a reasonable inference from the known facts is that he was killed as a result of the collision. The van struck the rear of the car, pushing it into the median. Since McSlarrow was found under the front of the van, it is reasonable to assume that he was either at the rear or at the front of his car when the collision occurred. Nothing more is required in order to permit the jury to determine the issue.

In proving causation, appellant is permitted to rely on circumstantial evidence. Direct testimony is not essential. The matter of causation need not be established by direct and positive proof to an absolute certainty. See *Peterson v. Underwood,* 258 Md. 9, 264 A.2d 851 (1970); *Otis Elevator v. LePore,* 229 Md. 52, 181 A.2d 659 (1962); *Rafferty v. Weimer,* 36 Md.App. 98, 373 A.2d 64 (1977). Maryland has gone almost as far as any jurisdiction that we know of in holding that meager evidence of negligence is sufficient to carry the case to the jury. *Fowler v. Smith,* 240 Md. 240, 213 A.2d 549 (1965).

We reversed the trial court in *Rafferty,* supra, where the court, as in this case, granted defendant's motion for judg-

ment n.o.v. thus nullifying jury verdicts for the plaintiffs. Rafferty had parked his car without lights on the right shoulder of Interstate 70. Two feet of the car extended into the right lane of the highway. At 9:00 P.M. a tractor-trailer driven by Weimer sideswiped the car. Rafferty was found twenty feet from his car across the guardrail in the median strip. His injuries included irreversible brain damage and he could not reveal anything about the accident. Weimer indicated that he did not see Rafferty or his car prior to the accident.

Rafferty's theory of causation was that he was standing at the front of his car and was knocked over the rail by the impact. Medical testimony established that Rafferty's injuries resulted from a vehicular accident. Although there was no direct evidence of where Rafferty may have been located prior to the discovery of his body and no certain evidence that Weimer's vehicle struck him, we concluded that there was legally sufficient circumstantial evidence of inferred causation to submit the question of Weimer's negligence to the jury. *Rafferty* is apposite herein.

In the present case, neither Walker nor his passenger saw the vehicle directly in front of them although they had an unobstructed view of the highway and the headlights on the van were turned on. If Walker had looked, as alleged, he would have seen the McSlarrow vehicle. He testified that the traffic light, a short distance beyond the disabled car, was green as he approached the intersection. We think the rule stated in *Bush v. Mohrlein,* 191 Md. 418, 62 A.2d 301 (1948), is applicable here.

"Where a witness testified that he looked and listened, but did not see or hear a certain object, which, if he had actually looked and listened, he must necessarily have seen and heard, his testimony is not worthy of consideration."

We hold, therefore, in response to appellee's first issue, that the evidence did not compel a finding, as a matter of law, that Walker was not guilty of negligence which was a proximate cause of the accident. The issue was properly submitted to the jury.

 Contributory negligence as a matter of law requires a finding that the negligent act of the plaintiff (McSlarrow) relied upon must be prominent, decisive and one about which ordinary minds would not differ in declaring it to be negligence. *Yockel v. Gerstadt,* 154 Md. 188, 140 A. 40 (1927). The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under similar circumstances; and even if the act done turns out to be an error of judgment, this alone does not make the act negligent if an ordinarily prudent person may have made the same error. *Sanders v. Williams,* 209 Md. 149, 120 A.2d 397 (1955).

 We cannot conclude that McSlarrow's conduct under the emergency presented by the facts of this case leaves no opportunity for a difference of opinion among ordinarily prudent persons as to whether his actions at the time were imprudent. The jury was instructed on the law of contributory negligence. It apparently decided that attempting to get a disabled vehicle moving by pouring gasoline in the tank, despite the danger of heavy traffic in the area, was not contributory negligence. In any event, the issue was properly submitted for the jury's consideration.

In view of our holding on the issue of inferred causation, we reverse.

JUDGMENTS REVERSED; JURY VERDICTS REINSTATED AND JUDGMENTS ENTERED THEREON. COSTS TO BE PAID BY APPELLEE.