53 A.3d 1125

**S & S OIL, INC.**

v.

**Elaine W. JACKSON.**

**No. 122, Sept. Term, 2011.**

Court of Appeals of Maryland.

Sept. 25, 2012.

622

Robert B. Hetherington (Richard W. Evans and Amy Leete Leone of McCarthy Wilson, LLP, Rockville, MD), on brief, for petitioner.

William L. Kohler, Jr. (Sosslau, Kohler & Simcox, Greenbelt, MD), on brief, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA, and McDONALD, JJ.

GREENE, J.

We are asked to consider whether the trial court committed reversible error by denying Petitioner's request to include on the special verdict sheet a question specifically addressing the assumption of the risk defense. Petitioner contends that by denying the requested question, the trial court prevented the jury from considering whether Respondent assumed the risk of her injuries and committed reversible error. We hold that under the facts of this case: (1) the intermediate appellate court was incorrect in concluding that assumption of the risk and contributory negligence were "substantially the same question;" (2) the verdict sheet, as written, would cause confusion over which defenses to consider and mislead a reasonable juror to fail to consider the defense of assumption of the risk; (3) failing to adequately present assumption of the risk constituted error because Petitioner had a right to present the defense to the jury; and (4) that error prejudiced Petitioner's case.

## Facts and Procedural History

On June 21, 2007, Elaine W. Jackson ("Respondent") entered a gas station owned and operated by S & S Oil, Inc. ("Petitioner"). The gas station, located at 9105 Annapolis Road, Lanham, Maryland, was in the process of being renovated. The process included renovating the flooring near the soda machine in the store portion of the building.

Around five-o'clock in the evening, Respondent and her granddaughter drove to the station in order to buy motor oil. Respondent parked her vehicle, walked to the back aisle of the station store, picked up two quarts of oil, paid for them at the register, and exited.

When Respondent returned to her car, her granddaughter asked for a soda. Respondent agreed to buy one for her, and walked back into the building to locate the soda machine. When Respondent saw the machine, she walked toward it. During her walk, Respondent mis-stepped onto uneven

ground. She did not fall, but she testified that her "foot twisted [her] knee" resulting in injury to her right knee and lower back. Respondent made several visits to doctors and had outpatient surgery on her right knee.

In 2008, Respondent filed a negligence suit against Petitioner in the Circuit Court for Prince George's County. During the trial, Respondent testified that she was not looking at the floor during her walk to the soda machine as she had just been inside the station store and therefore "trusted [her] environment." She stated that after her injury she could see that the area was un-level, "sloped," and "lumpy." There was evidence, however, in the form of testimony from the station owner, that there was orange or red caution tape across part of the construction area and a "Watch Your Step" sign somewhere in the immediate vicinity of Respondent's injuries. Respondent testified that she did not see the caution tape, the warning sign, or any dangerous condition, and that she had assumed that the floor surface was level.

At the close of the three-day trial, the trial judge required the jury to return its verdict by answering a series of questions on a special verdict sheet. Additionally, the trial judge provided the jury with a series of oral instructions. Earlier, Petitioner had requested that the trial judge instruct the jury on assumption of the risk pursuant to Maryland Pattern Jury Instruction 19:13. Respondent's counsel objected to the instructions, asserting that there was no evidence that Respondent had assumed the risk of her injury. The trial judge overruled the objection and noted that, "that's going to be the issue [for the jury]." At the close of the trial, the judge gave oral instructions to the jury as to the doctrine, stating specifically:

A plaintiff cannot recover if the plaintiff has assumed the risk of her injury, I guess. A person assumes the risk of an injury if that person knows and understands the risk of an existing danger, or reasonably should have known and understood the risk of an existing danger and voluntarily

chooses to encounter the risk.[1]

Originally, the trial judge had considered using a special verdict sheet that included the following questions:

1. Was Defendant S & S Oil, Inc. negligent with regard to the incident of June, 21, 2007?

2. Was Defendant's negligence a cause of injury to Plaintiff Elaine Jackson?

3. Did Plaintiff Elaine Jackson *assume the risk of her injury,* or was she contributorily negligent, in the incident of June [21], 2007?

4. Was Plaintiff's negligence or contributory negligence a cause of her injury?

After reviewing the contemplated verdict sheet, Petitioner objected to question three as proposed, arguing that the question should be separated into two questions, one for each affirmative defense. The trial judge responded by striking the reference to assumption of the risk altogether, reasoning that:

[A]ssumption of risk is a form of negligence ... [A]ssumption of [the] risk is part of contrib[utory negligence] or negligence. So it's covered and it—in other words, assump-

---

1. In her oral jury instructions, the trial judge read verbatim from the Maryland Civil Pattern Jury Instructions' proposed instruction for assumption of the risk. MPJI–Cv. 19:13 (2009). When she read the instruction, the trial judge did not have the benefit of this Court's decisions in *Poole v. Coakley & Williams Constr., Inc.,* 423 Md. 91, 31 A.3d 212 (2011), and *Thomas v. Panco Mgmt. of Maryland LLC,* 423 Md. 387, 31 A.3d 583 (2011), and neither party objected to the accuracy of the instruction. The text of the instruction, however, might be misleading. The current version of the instructions reads: "A person assumes the risk of injury if that person knows and understands the risk of an existing danger or reasonably should have known and understood the risk...." As noted below, in light of this Court's decisions in *Poole, Thomas,* and the current case, assumption of the risk requires that the plaintiff have *actual* knowledge and appreciation of the risk being assumed. In other words, to be guilty of assuming the risk, the trier of fact must find that the plaintiff knew or must have known of the risk and voluntarily assumed the risk. *See Poole,* 423 Md. at 114, 31 A.3d at 226; *Thomas,* 423 Md. at 398, 31 A.3d at 590. Therefore, the Civil Pattern Jury Instruction Committee may need to revisit the text of the instructions so as to clear up any confusion.

tion of the risk is negligence on the part of the Plaintiff. . . .
[I]f the question says negligent or contributorily negligent,
it covers assumption of risk and contrib[utory negligence].
Thus, the third question placed on the verdict sheet read:
"Was Plaintiff Elaine Jackson negligent or contributorily neg-
ligent, in the incident of June [21], 2007?" [2] Petitioner noted
an objection to the question and an exception to the wording
of the verdict sheet. The trial judge attempted to connect her
oral instructions to the particular questions on the verdict
sheet, stating that "the instructions that I've given you about
premises liability, negligence, foreseeable circumstances, con-
tributory negligence, and assumption of [the] risk, are the
instructions that go into the first and third questions."

The jury returned a verdict in favor of Respondent, finding
that Petitioner was negligent and that its negligence caused
Respondent's injuries. As to question three, the jury found
that Respondent was not "negligent or contributorily negli-
gent" under the circumstances. The jury awarded Respon-
dent $12,416.41 for past medical expenses and $131,000.00 in
non-economic damages, for a total award of $143,416.41. The
trial court entered judgment in favor of Respondent.

Following unsuccessful post-trial motions, Petitioner appeal-
ed the judgment to the Court of Special Appeals. Petitioner
argued that the trial judge committed error in both admitting
evidence of certain medical bills [3] and in not presenting the
defenses of assumption of the risk and contributory negligence
on the verdict sheet as separate questions. The intermediate
appellate court issued an unreported opinion affirming the
trial court's judgment, holding that there was no error by the
trial judge as to either claim. In affirming the trial judge's
refusal to include a question about assumption of the risk on
the verdict sheet, the Court of Special Appeals concluded that

---

**2.** Both parties have indicated that Respondent's injury occurred on
June 21, 2007. The verdict sheet, however, incorrectly indicates in
question three that the incident happened on June 1, 2007.

**3.** This issue was not presented in the petition for certiorari, and,
therefore, we do not address the issue.

"[i]f the jury determined that [Respondent] assumed the risk of her injury, it would necessarily find that she was contributorily negligent." The intermediate appellate court, therefore, determined that the two issues were "the same substantial question" and it was proper to ask only about contributory negligence on the verdict sheet. The Court of Special Appeals, however, did not consider that a plaintiff might assume the risk of danger, but that risk might be reasonable, and therefore, not necessarily contributorily negligent.

We issued a writ of *certiorari* in this case, 424 Md. 628, 37 A.3d 317, to address the following question:

> Whether a trial court may instruct a jury on the separate and distinct affirmative defenses of contributory negligence and assumption of the risk, yet only include a specific question on the verdict sheet as to contributory negligence, thus taking assumption of the risk away from the province of the jury and finding as a matter of law that assumption of the risk is included in the contributory negligence defense.

### Standard of Review

■ We review the trial judge's decisions with respect to the jury instructions given in this case under the abuse of discretion standard. We have previously held that "the decision to use a particular verdict sheet 'will not be reversed absent abuse of discretion.'" *Consol. Waste Indus. v. Standard Equip. Co.*, 421 Md. 210, 220, 26 A.3d 352, 358 (2011) (quoting *Applied Indus. Techs. v. Ludemann*, 148 Md.App. 272, 287, 811 A.2d 845, 854 (2002)).

■ Under the abuse of discretion standard, this Court will overturn a trial judge's decision to use a particular verdict sheet if we find both that the trial judge committed an error and that the error prejudiced Petitioner's case. *See Consol. Waste Indus.*, 421 Md. at 220, 26 A.3d at 358 (citing *Owens–Corning Fiberglas Corp. v. Garrett*, 343 Md. 500, 526, 682 A.2d 1143, 1155 (1996)) (holding that "Maryland appellate courts generally will not reverse even an unreasonable decision [with regards to the use of a particular verdict sheet] without

evidence of prejudice/harm"); *See also Fry v. Carter,* 375 Md. 341, 355, 825 A.2d 1042, 1050 (2003) (citation omitted) (determining that a trial court's "judgment [regarding jury instructions] will not be reversed unless the complaining party can show both error and prejudice").

### Analysis

The trial judge committed reversible error in this case by preventing the jury from considering the defense of assumption of the risk. The Court of Special Appeals erred when it upheld the trial court's judgment based on an incorrect determination that the defenses of contributory negligence and assumption of the risk presented the "same substantial question." In this case, Petitioner requested a jury instruction directing the jury to consider assumption of the risk. As requested, the trial judge gave an oral instruction on the defense. The trial judge, however, refused Petitioner's request to put a specific question on the verdict sheet specifically asking the jurors to consider assumption of the risk. The trial judge refused Petitioner's request because the judge determined that assumption of the risk was included in the contributory negligence defense. It was error for the Court of Special Appeals to conclude that the issues of contributory negligence and assumption of the risk overlapped and that it was proper to ask only about contributory negligence.

The task before this Court is two-fold. First, we will address the Court of Special Appeals's and the trial judge's incorrect conclusion that, in this case, assumption of the risk was the same as or was included in the defense of contributory negligence. Then, we will discuss how the effect of this incorrect conclusion prejudiced Petitioner.

### A. Assumption of the risk is distinct from contributory negligence.

The Maryland Rules of Civil Procedure indicate that the trial court "need not grant a requested [jury] instruction if the matter is fairly covered by the instructions actually given." Md. Rule 2–520(c). We have previously stated:

In framing issues to be submitted for determination by a court of law, sitting either with or without a jury, the objective is to draft issues that are simple, concise and couched in plain and easily understood terms. It is also desirable that tedious duplicity be avoided by eliminating overlapping issues ... In our opinion, the correct rule to be observed, and the one which will best subserve the purpose of justice, is to *grant no more than one issue presenting the same substantial question,* and secondly, not to multiply the issues unnecessarily, and to grant such only as distinctly present the real questions in dispute.

*Kruszewski v. Holz,* 265 Md. 434, 446, 290 A.2d 534, 541 (1972) (internal quotations and citations omitted). The intermediate appellate court concluded that, under the facts of this case, both contributory negligence and assumption of the risk would be adequately addressed in one question asking the jury to consider contributory negligence. Essentially, the appellate court determined that the trial judge was correct in deciding, as a matter of law, that under the facts of this case, the two defenses completely overlapped and were "the same substantial question." Therefore, the Court of Special Appeals concluded that the trial judge did not commit error in refusing to present a separate question about assumption of the risk.

 Assumption of the risk and contributory negligence are separate and distinct defenses. *See Poole,* 423 Md. at 111, 31 A.3d at 224 (holding that the doctrines of contributory negligence and assumption of the risk are "in fact, distinct"); *Schroyer v. McNeal,* 323 Md. 275, 281, 592 A.2d 1119, 1122 (1991) ("There is, however, a distinction, and an important one, between the defenses of assumption of the risk and contributory negligence."). A trial judge can combine the two defenses into one question about contributory negligence when all reasonable jurors would conclude that the risk assumed is unreasonable and, therefore, the act of assuming the risk is necessarily negligent. The present case was not one of those situations.

■ Our cases have shown that the two defenses completely overlap and should be presented as one defense when the risk allegedly assumed is unreasonable:

> As noted previously by this Court, assumption of the risk and contributory negligence are closely related and often overlapping defenses and, the same conduct of a plaintiff can amount to both assumption of the risk and contributory negligence. Indeed, the overlap between assumption of the risk and contributory negligence is a complete one where the plaintiff's conduct in voluntarily encountering a known risk is itself unreasonable. When the overlap occurs, a discussion of contributory negligence may necessarily include assumption of the risk and the bar to recovery is two-pronged: 1) because the plaintiff assumed the risk of injury and 2) because the plaintiff was contributorily negligent. Conversely, the facts may warrant conflicting results under the theories, for example, a plaintiff who proceeds reasonably, and with caution, after voluntarily accepting a risk, not unreasonable in itself, may not be guilty of contributory negligence, but may have assumed the risk.

*Thomas,* 423 Md. at 418–19, 31 A.3d at 602–603 (internal citations, quotations, and emphasis omitted); *See also Schroyer,* 323 Md. at 284 n. 5, 592 A.2d at 1123–24 n. 5 (citing Restatement (Second) of Torts § 496A cmt. c, at 561–62 (1965)) (noting that "when the plaintiff's undertaking of a known risk is itself unreasonable" it constitutes contributory negligence).[4] A risk is an unreasonable risk where the risk of

---

4. The Court of Special Appeals relied on its own decision in *Baltimore Gas & Electric Co. v. Flippo,* 112 Md.App. 75, 684 A.2d 456 (1996), *aff'd,* 348 Md. 680, 705 A.2d 1144 (1998). In that case, the intermediate appellate court, and this Court on review, determined that it was not an error to ask on the verdict sheet about contributory negligence and not assumption of the risk because proving assumption of the risk in that case would necessarily prove contributory negligence. *Baltimore Gas & Electric Co. v. Flippo,* 348 Md. at 707, 705 A.2d at 1157; *Flippo,* 112 Md.App. at 95, 684 A.2d at 466. The difference in that case, however, was that we determined that assuming the risk of grabbing a wire with electricity running through it is "contributorily negligent as a matter of law." *Flippo,* 348 Md. at 703, 705 A.2d at 1155 (citation omitted). In concluding that it was not an error to ask

danger is out of proportion to the interest a plaintiff is seeking in assuming the risk, such as when a plaintiff "dashes into a burning building to save his hat." *Schroyer*, 323 Md. at 280–81, 592 A.2d at 1122 (quoting Restatement (Second) of Torts § 496A cmt. d, at 562).

█ Whether an action is negligent or a risk is unreasonable is generally a decision for the trier of fact. The trial court should rule that a risk is unreasonable as a matter of law only when reasonable jurors would not differ as to that conclusion. *See Sanner v. Guard*, 236 Md. 271, 274, 203 A.2d 885, 887 (1964) ("It is fundamental that the issue as to the existence *vel non* of negligence, whether primary or contributory, should ordinarily be left for determination by the jury. Each case must be judged on its own facts, and the court should rule as a matter of law that there is no contributory negligence only where the circumstances are such that reasonable minds could not reach differing conclusions on the issue."); *McSlarrow v. Walker*, 56 Md.App. 151, 161, 467 A.2d 196, 200 (1983) (citation omitted) ("Contributory negligence as a matter of law requires a finding that the negligent act of the plaintiff . . . relied upon must be prominent, decisive and one about which ordinary minds would not differ in declaring it to be negligence.").

█ The danger Respondent allegedly assumed walking in an area where there were renovations being done is not an extreme danger akin to entering a burning building. While it is unreasonable to conclude that the minor interest of saving one's hat is in proportion with the danger of serious injury assumed from going into a burning building, reasonable minds

---

about contributory negligence and not assumption of the risk in *Flippo*, we noted that "a discussion of contributory negligence may necessarily include assumption of the risk" when the two defenses overlap and the overlap between the defenses is complete when the risk is unreasonable. *Flippo*, 348 Md. at 706, 705 A.2d at 1156–7 (citing *Schroyer*, 323 Md. at 281, 287, 592 A.2d at 1122, 1125). This Court has not determined that it is unreasonable or contributorily negligent as a matter of law to walk in an area of a store that is under renovation. This is clearly a question for the trier of fact taking into consideration all the relevant circumstances.

might conclude that walking where there are renovations on the floor is not out of proportion with Respondent's interest in obtaining a soda for her granddaughter. Therefore, the risk Respondent allegedly assumed in this case was not unreasonable as a matter of law, and the jury might have determined that Respondent assumed the risk without necessarily finding that Respondent was contributorily negligent.

Because determining that Respondent assumed the risk of her injuries did not necessarily require the jury to find that Respondent was contributorily negligent, the jury's verdict in this case, that Respondent was not contributorily negligent, left open the possibility that the jury might have still determined that Respondent assumed the risk of her injuries. Combining the two defenses under one question improperly took that opportunity away from the jury. *See Owens–Corning Fiberglas Corp. v. Garrett,* 343 Md. 500, 525–26, 682 A.2d 1143, 1155 (1996) (reasoning that it was proper to combine two issues if it is not confusing to the jury and does not prevent the jury from answering the applicability of the defenses with specificity); *Randall v. Warnaco Inc.,* 677 F.2d 1226, 1231–32 (8th Cir.1982) (finding that, because the jury might have determined that the defendant was liable for negligence without determining that the plaintiff was also liable under a strict liability theory, it was an error to ask only about strict liability and not negligence).

**B. Based on the incorrect conclusion that assumption of the risk is "part of contributory negligence," the trial court misled the jury and took the determination of whether Respondent assumed the risk of her injuries away from the jurors.**

■ This Court is not persuaded that the jury in this case was given an opportunity to consider the defense of assumption of the risk. Reviewing courts are "strictly limit[ed]" in the "ability to inquire, post-verdict, into 'the sworn juror's mental processes in connection with the verdict.'" *Barksdale v. Wilkowsky,* 419 Md. 649, 665, 20 A.3d 765, 774 (2011) (citation omitted). It was reasonable, however, in light of the

verdict sheet not explicitly including a question about assumption of the risk, for the jurors to not consider whether Respondent assumed the risk of her injuries. Therefore, we will treat the decision to deny a request for a question on the verdict sheet about assumption of the risk as removing the issue from the consideration of the jury. Effectively withdrawing assumption of the risk from the jury after giving oral instructions that the jury should consider the defense would reasonably mislead and confuse the jury over whether to consider assumption of the risk.

Maryland Rule 2-522(c), which governs the use of special verdicts, indicates that when a trial court requires a jury to make written findings, "[t]he court shall instruct the jury as may be necessary to enable it to make its findings upon each issue." Petitioner sought to present both the affirmative defenses of assumption of the risk and contributory negligence. The trial judge gave separate oral instructions directing the jurors that Petitioner should not be held liable if Respondent was contributorily negligent and Petitioner should not be held liable if Respondent assumed the risk of her injuries. Nevertheless, when the trial judge altered the verdict sheet and removed any explicit reference to assumption of the risk, the trial court nullified the effect of the separate oral instructions and created confusion.

The verdict sheet that was proposed initially asked the jurors to determine whether Respondent "assume[d] the risk of her injury, or was she contributorily negligent, in the incident of June [21], 2007?" When the trial judge changed the language to ask only whether Respondent was negligent or contributorily negligent, Petitioner requested that there be a separate question that specifically addressed whether plaintiff assumed the risk of her injuries. The trial judge denied the request reasoning that assumption of the risk was part of contributory negligence or negligence and "if the question says negligent or contributorily negligent, it covers assumption of risk and contrib[utory negligence]." As noted above, under the facts of this case, the jury should have considered the two defenses separately. Based on this incorrect determi-

nation that it was proper to consolidate the two defenses, the trial judge denied Petitioner's request and the only question on the verdict sheet instructing the jury to consider an affirmative defense read, "Was Plaintiff Elaine Jackson negligent or contributorily negligent, in the incident of June [21], 2007."

When the trial judge gave oral instructions to the jury on how to reach a verdict, she instructed the jury, "[i]n this case, it will be your duty to return your verdict in the form of written answers to the written questions, which are submitted to you by the [trial court]. It is your duty to answer each of these questions in accordance with the evidence in the case." Essentially, the trial judge instructed the jurors to reach a verdict by considering four questions that addressed: (1) whether Petitioner was negligent; (2) whether Petitioner's negligence caused Respondent's injuries; (3) whether Respondent was contributorily negligent; and (4) whether Respondent's contributory negligence caused her own injuries.

Additionally, the trial judge gave oral instructions directing the jurors that "you each have a copy of the verdict sheet which is for your use during deliberations. You do not have to write on it. If you wish to, you may. It's just for your use during your deliberations." The jurors were instructed that when they were deliberating on the facts of the case, they should use the verdict sheet as a guide. The verdict sheet made no mention of assumption of the risk. We presume that the jurors followed the trial judge's directions in this regard. Thus, the jurors, with the verdict sheet in front of them as a guide, were instructed to reach a verdict by submitting written answers to written questions, none of which mentioned assumption of the risk.

■ There is a suggestion that, despite the trial judge's decision to refuse to put a question on the verdict sheet that asked specifically about assumption of the risk, a particular juror might have considered the defense nevertheless. It is possible that a juror might have remembered the trial judge's oral instructions that "[a] plaintiff cannot recover if the plain-

tiff has assumed the risk of her injury...." Additionally, in approving the trial judge's decision, the Court of Special Appeals implied that by giving a further instruction the trial judge cured any inability of the jury to consider the assumption of the risk defense. The further instruction was that the trial judge informed the jury that "the instructions I've given you about premises liability, negligence, foreseeable circumstances, contributory negligence, and assumption of the risk, are the instructions that go into the first and third questions [on the verdict sheet]." The third question on the verdict sheet was about contributory negligence. It is possible that if a particular juror remembered all five issues that the judge instructed him or her to consider when deliberating on contributory negligence, that juror might have considered assumption of the risk. We are not persuaded, however, that this instruction was effective to cure the trial judge's failure to provide the jury with an opportunity to specifically address assumption of the risk. Premises liability, negligence, foreseeable circumstances, and contributory negligence are all aspects of contributory negligence. Assumption of the risk is a distinct defense. Grouping it in with issues that all are aspects of contributory negligence in a question that only asks about contributory negligence undermines a reasonable juror's ability to properly consider assumption of the risk on its own merits. In the very least, it would cause confusion in the mind of a reasonable juror whether to consider the defense of assumption of the risk.

■ A jury instruction is improper if it will confuse or mislead a jury. *See Hambleton & Co. v. Union Nat. Bank,* 161 Md. 318, 327, 157 A. 404, 408 (1931) (finding that a court has a "duty" to "reject all instructions which ... are likely to confuse or mislead the jury"); *See also Denson v. State,* 331 Md. 324, 330–331, 628 A.2d 182, 185 (1993) (noting that "when a trial court does instruct the jury ... the court must be careful not to mislead or confuse the jury"). Giving oral instructions directing the jurors to consider both defenses and then providing an opportunity to address only contributory negligence on the verdict sheet would both confuse and mis-

lead a reasonable juror over whether to consider assumption of the risk. Therefore, the trial judge committed error in that regard.

First, the oral instructions themselves likely created confusion over which defenses to consider. The trial judge issued oral instructions that presented assumption of the risk and contributory negligence as two distinct defenses, and then moments later incorrectly instructed the jurors that assumption of the risk "go[es] into" the determination of contributory negligence. This would confuse a reasonable juror as to whether the juror should consider separately the defense of assumption of the risk. This confusion was compounded by the jury being instructed to consider assumption of the risk and then being instructed to reach a verdict by answering questions on a verdict sheet that did not give the jurors an opportunity to explicitly rule on the defense.

Second, even if the jury instructions did not cause confusion in the minds of the jurors, the trial judge's decision to refuse to include a question specifically addressing assumption of the risk would cause a reasonable juror to fail to consider the defense. Instructing the jury to reach a verdict by answering a series of questions, none of which addressed assumption of the risk, would divert a reasonable juror's attention away from considering that defense.[5] This constitutes an error because,

---

5. Respondent argues to this Court that the Court of Special Appeals' decision in *Fraidin v. Weitzman*, 93 Md.App. 168, 611 A.2d 1046 (1992), "specifically confirmed that a verdict sheet need not repeat the oral instructions given to the jury." This case is distinguishable. In *Fraidin*, the trial judge gave oral instructions that when determining whether to assess punitive damages, the jury must find the defendant had actual malice. In the written question presented to the jury, the trial judge asked the jury to determine if punitive damages should be assessed, but did not specifically state in the question that punitive damages require the jury to find actual malice. Actual malice is one aspect that goes into a jury determination of punitive damages. *Fraidin*, 93 Md.App. at 207–08, 611 A.2d at 1065–66. Assumption of the risk is a distinct affirmative defense, not an aspect of contributory negligence. Likewise, in *Kruszewski v. Holz*, 265 Md. 434, 445–47, 290 A.2d 534, 540–41 (1972), this Court concluded it was not an error to refuse to split a question about a doctor's negligence into two questions that both

as indicated below, the defense should have been presented to the jury. Our opinion in *Collins v. Amtrak*, 417 Md. 217, 9 A.3d 56 (2010) demonstrates this point.

In *Collins*, the widow of an Amtrak employee brought a lawsuit, pursuant to the Federal Employers' Liability Act ("FELA"), against Amtrak alleging that Amtrak's negligence caused the death of her husband. The deceased worker was electrocuted while taking alignment readings of an overhead electrical wire on a span of railroad. The FELA expressly bars the use of an assumption of the risk defense, but not contributory negligence.[6] At trial, the plaintiff requested a jury instruction explaining to the jury that Amtrak could not use an assumption of the risk defense to defend against a negligence claim. The trial judge denied this proposed instruction and the jury returned a verdict in favor of Amtrak. After the Court of Special Appeals affirmed the judgment, we reversed. We noted that "a notable portion of the evidence presented by Amtrak addressed elements relevant to the defense of assumption of risk and not necessarily relevant to contributory negligence." 417 Md. at 227, 9 A.3d at 62. Although we could not be exactly sure if the jury actually considered assumption of the risk, this Court held that because the jury *may* have inappropriately considered the defense when it rendered judgment for the defendant, the trial judge committed error in not giving the requested jury instruction. 417 Md. at 256, 9 A.3d at 79. Similarly, in the present case, because the verdict sheet instructed the jury to consider only contributory negligence, this Court cannot be certain that the jury addressed whether Respondent assumed the risk of her injuries.

---

addressed issues of negligence, i.e. negligent misinformation and negligent failure to inform, because both claims were aspects of the plaintiff's theory that defendant was negligent. In this case, assumption of the risk and contributory negligence are distinct defenses not aspects of the same theory of the case.

6. Because FELA is a comparative negligence statute, a finding of contributory negligence would reduce, but not necessarily eliminate, the defendant's liability. *Collins*, 417 Md. at 233–34, 9 A.3d at 66.

## C. It was an error to take consideration of assumption of the risk away from the jury.

Where a jury instruction would cause a reasonable juror to fail to consider a defense that should have been considered, we have found error. *See Consol. Waste Indus.*, 421 Md. at 225, 26 A.3d at 361 (concluding that because contributory negligence is "an actual legal defense," and there was evidence that it may have applied, the defendant had a right to have the defense presented to the jury); *Arthur v. State*, 420 Md. 512, 528, 24 A.3d 667, 677 (2011) (finding a reversible error where we determined that the jury instruction given might lead a "reasonable juror" to fail to consider the defendant's affirmative defense); Md. Rule 2–520(c). Petitioner, in the present case, had a right to have the jury consider assumption of the risk. Therefore, the trial judge committed an error by refusing to put a question on the verdict sheet specifically addressing assumption of the risk.

■ Parties have a right to have their theory of the case presented to the jury if (1) the theory is a correct statement of the law, (2) the theory is supported by the facts of the case, and (3) the substance of the requested instruction is not fairly covered by the instructions actually given. *See Wietzke v. Chesapeake Conf. Ass'n*, 421 Md. 355, 371–72, 26 A.3d 931, 941 (2011) (citation omitted) (determining that it is an abuse of the trial judge's discretion to deny a party's requested jury instruction if "three criteria [are] met: (1) the requested jury instruction must be a correct exposition of the law; (2) the particular law must have been applicable to the evidence before the jury; and (3) the substance of the requested instruction must not have been fairly covered by the instructions actually given"); *Collins*, 417 Md. at 229, 9 A.3d at 63 (citation omitted) (holding that "[i]n Maryland, litigants are entitled to have their theory of the case presented to the jury, provided the theory is a correct exposition of the law and is supported by the evidence").[7]

---

7. Generally, we have considered the question of whether a trial judge committed error by denying a party an opportunity to present its theory

Therefore, the trial judge committed an error in the present case if (1) Petitioner asked for a correct statement of the law regarding assumption of the risk; (2) the underlying facts presented during trial supported a possible finding that Respondent assumed the risk of her injuries; and (3) taken together, the oral instructions and written questions on the verdict sheet did not fairly present assumption of the risk to the jury.

The first factor, whether Petitioner sought a correct statement of the law, is not at issue. This case came before this Court because Petitioner claims that by refusing to ask specifically about assumption of the risk on the verdict sheet, the issue was not presented to the jury. No party has argued that Petitioner sought an incorrect statement of the law.

We have already addressed the third factor. We have concluded that assumption of the risk was not adequately covered when the trial judge omitted the defense on the

---

of the case in the context of erroneous jury instructions. While the current case involves the questions presented on a verdict sheet, the same standard applies in this case. Questions asked on a verdict sheet serve the same purpose as jury instructions; they are designed to instruct the jurors on how to deliberate and what issues to consider in reaching a verdict. *Compare Chambers v. State*, 337 Md. 44, 48, 650 A.2d 727, 729 (1994) (concluding "[t]he main purpose of a jury instruction is to aid the jury in clearly understanding the case, to provide guidance for the jury's deliberations, and to help the jury arrive at a correct verdict.") *and Barksdale v. Wilkowsky*, 419 Md. 649, 672, 20 A.3d 765, 778 (2011) (noting that "jury instructions serve the vital purpose of enabling the jurors to sift and sort these varying and conflicting forces [of the jurors' opinions, intuition, emotions, and reasoning], and channel them into a deliberative pathway that leads to a verdict permitted by law") *with Ogundipe v. State*, 424 Md. 58, 76, 33 A.3d 984, 994 (2011) (holding that the verdict sheet is "a tool for the jury to use in order to aid in its deliberation") *and Hastings v. Turner*, 205 Md.App. 413, 421, 45 A.3d 835, 839 (2012) (citations omitted) (establishing that "[t]he written findings permitted under Maryland Rule 2–522(c) [the rule governing the use of special verdicts] may be in the form of a verdict sheet, '[t]he purpose of [which] is to facilitate the deliberations of the jury' ") This is especially true in the present case, where the combination of oral jury instructions and written questions on the special verdict sheet combined to provide guidance to the jury, including instructing the jury on what issues to consider and what questions to answer in reaching a verdict.

verdict sheet. As we indicate above, under the facts of this case, assumption of the risk is distinct from contributory negligence and, taken together, the oral instructions and the verdict sheet would lead a reasonable juror to fail to consider assumption of the risk.

The remaining factor is whether the facts in this case supported presenting the defense of assumption of the risk to the jury. Because we conclude that the facts support jury consideration of the defense, an error was committed by the trial judge in nullifying the jury's consideration of the defense.

 Respondent contends there is no evidence presented that she assumed the risk of her injuries.[8] The facts of this case, however, show that there was evidence sufficient to support the jury's consideration of assumption of the risk. In fact, the trial judge, in the first instance, decided that Petitioner presented sufficient evidence to submit the issue to the jury. This is most clearly shown by the fact that, over objections by Respondent, the trial judge gave an oral instruction about assumption of the risk. When Respondent argued that the jury should not consider assumption of the risk because Respondent did not "believe there's any indication [Respondent] voluntarily chose [to assume the risk]," the trial judge disagreed, stating that whether Respondent assumed the risk of her injuries is "going to be the issue [for the jury to decide]." Additionally, when Petitioner moved for a judgment at the end of Respondent's case based on assumption of the risk, the trial judge responded that the court would not grant judgment based on the defense, but told Petitioner that "[i]t's a matter you can argue to the jury."

---

**8.** Based on Respondent's incorrect argument that there is no evidence that she had actual knowledge of the risk assumed by walking where she was injured, Respondent argues that the defense of assumption of the risk in this case would only apply if the jury determined that Respondent should have known of the risk. As we indicate below, first, assumption of the risk does not apply when the plaintiff *should* have known of the risk, it applies when the plaintiff *actually* knew or *must* have known of the risk, and second, there is sufficient evidence for the jury to consider assumption of the risk based on what a reasonable juror might have concluded on the basis of the evidence in the record.

"In Maryland, it is well settled that in order to establish the defense of assumption of risk, the defendant must show that the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." *ADM P'ship v. Martin*, 348 Md. 84, 90–91, 702 A.2d 730, 734 (1997) (citations omitted).[9] Despite Respondent's claim that there is no evidence that she "knew and understood the risk created by the renovations and voluntarily encountered them," evidence presented during trial was sufficient for a reasonable juror to conclude that Respondent assumed the risk of her injuries. Petitioner presented evidence of the existence of both a warning sign and caution tape [10] displayed to notify customers of ongoing construction and, therefore, that there was a risk of danger by walking in the construction area.[11] Based on this evidence, a reasonable juror might have concluded, despite Respondent's claim that she lacked knowledge of the danger, that Respondent saw that the area where she intended to walk was under

9. Respondent highlights in her brief to this Court that in *Rogers v. Frush*, 257 Md. 233, 243, 262 A.2d 549, 554 (1970), we held that there must be consent on the part of the plaintiff that he or she is assuming the risk and relieving the defendant from liability. That consent is implied where a plaintiff intentionally and voluntarily exposes himself or herself to a known danger. 257 Md. at 243, 262 A.2d at 554. As we note below, a reasonable jury might conclude that Respondent knew of the risks associated with walking where there was construction and in the face of those risks proceeded to walk where there were renovations. Based on those findings, the jury might find Respondent implicitly consented to relieve Petitioner from liability.

10. Respondent argues to this Court that the red tape was not in a position where it would serve as a "proper warning for the Respondent." Whether Respondent was warned of danger by the tape is a question for the jury to resolve.

11. There is a dispute between the parties over whether evidence of a yellow cone was admitted at trial. Based on our review of the transcript of the trial, it is not clear whether evidence and references to the yellow cone were admitted into evidence. Deciding this dispute, however, is unnecessary because, whether evidence of the cone was admitted, the evidence of the red warning tape and a warning sign notifying patrons of the danger of walking where there was construction constitute sufficient evidence to submit the issue of assumption of risk to the jury.

construction, understood the risk of being injured by the hazards caused by the construction, and voluntarily assumed that risk.

Respondent argues that the jury would not have concluded that she assumed the risk of her injury because during trial she testified that she did not see any dangerous area. Respondent's claim that she did not know of or appreciate the risk is not dispositive. When there is evidence of a risk, like the caution tape and warning sign in the present case,[12] a reasonable jury can disbelieve a plaintiff's claim that she did not know of and appreciate a risk.

At this point, we need to address and remedy an apparent confusion as expressed in the arguments of both parties. As we held in both *Poole v. Coakley & Williams Constr., Inc.*, 423 Md. 91, 31 A.3d 212 (2011), and *Thomas v. Panco Mgmt. of Maryland, LLC,* 423 Md. 387, 31 A.3d 583 (2011), assumption of the risk applies where the plaintiff knew

---

**12.** In an argument to this Court that there was no evidence that Respondent assumed the risk of her injuries, Respondent contends that the trial judge said, "I don't think you have a—I think you have not an open and obvious danger. I think you've got an uneven surface. I think you've got tape and warning that beyond—but you've—but you didn't rope off the [C]oke machine. As long as you didn't rope off the [C]oke machine, it is clear and obvious that a customer is going to want to go to that [C]oke machine and you haven't barred them from doing that. And if the area that—where the tape was, is on the other side of where she went, okay? In other words, the part that was uneven is between the tape and the [C]oke machine. There was nothing to prevent her from going there." The context of this statement was that the parties were discussing with the judge proposed jury instructions about the duty a shop owner owes to invitees. The judge noted that the duty to protect invitees against known dangers is not owed to an invitee who "fails to take reasonable care to avoid open and obvious dangers." The judge determined that because the area immediately around the soda machine was not roped off in a way to prevent patrons from reaching the machine, the danger was not so obvious that it released the owner from a duty to make the area safe to all patrons. The trial judge's ruling that the danger was not so obvious that the Petitioner was relieved from the duty to make the area safe to customers does not prevent the jury from finding that Respondent assumed the risk. Based on the caution tape and warning sign, the jury might conclude that Respondent knowingly assumed the risk of her injuries, even if the risk was not so obvious that Petitioner had no duty to make the area safe.

or *must* have known of the risk allegedly assumed.[13] *See Poole,* 423 Md. at 125, 31 A.3d at 232 (citing *Schroyer,* 323 Md. at 283–84, 592 A.2d at 1123) (holding that "for a court to impute knowledge as a matter of law, the evidence and all permissible inferences must make clear that the plaintiff had full, actual, and subjective knowledge of the risk or that 'a person of normal intelligence in the position of the plaintiff *must* have understood the danger' "); *see also Thomas,* 423 Md. at 398, 31 A.3d at 590 (citations omitted) (adopting this Court's reasoning from the *Poole* decision that "in order for a plaintiff to have assumed the risk of his or her injuries as a matter of law, we require that a plaintiff 'must' have known that the risk was 'actually present,' not that he or she 'would,' 'should,' or 'could' have known of that the risk 'might well be present' ").[14] Whether a reasonable person in the same situation would have known and appreciated the risk and whether the plaintiff *should* have known about the risk and appreciated it is largely irrelevant in determining whether the plaintiff assumed the risk of her injuries. *See Poole,* 423 Md. at 112, 31 A.3d at 225 (quoting W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 68 at 487 (5th ed.1984)) (hereinafter *Prosser and Keeton* ) (citing Stuart M. Speiser et

---

**13.** Respondent argues in her brief to this Court that in *Poole,* we noted that "what the injured party 'should have known' is an issue." This is a gross mis-characterization of our holding. The only references in the *Poole* decision to what a plaintiff "should have known" is either noting that the standard does not apply in an assumption of the risk analysis, 423 Md. at 115 n. 11, 123, 31 A.3d at 226–27 n. 11, 231, or discussing when a party should have known of his or her injuries for determining when the statute of limitations begins to run, 423 Md. at 135, 135 n. 24, 31 A.3d at 238, 238 n. 24.

**14.** Primarily, these cases address trial judges ruling on assumption of the risk as a matter of law. In that situation, the trial judge determines the issue if all reasonable minds would find that the plaintiff assumed the risk of injury. Where reasonable minds might disagree, the issue is for the trier of fact. *Thomas,* 423 Md. at 402–03, 31 A.3d at 593; *Poole,* 423 Md. at 119–120, 31 A.3d at 229 (citation omitted); *Schroyer v. McNeal,* 323 Md. 275, 283–84, 592 A.2d 1119, 1123 (1991). In either case, however, the legal principle, that the evidence must show that the plaintiff knew or must have known of the danger and voluntarily assumed the risk, is the same.

al., *The American Law of Torts* § 12:53, at 431–33) (noting that "the standard for imputing knowledge to a plaintiff under assumption of the risk is 'in theory at least, a subjective one, geared to the particular plaintiff and his situation, rather than that of the reasonable person of ordinary prudence who appears in contributory negligence. If, because of age or lack of information or experience, he does not comprehend the risk involved in a known situation, he will not be taken to consent to assume it.' ").

When a trial judge determines that a risk is so obvious that all reasonable minds would determine that the plaintiff, herself, must have had actual knowledge and understanding of the risk, it would be appropriate for the trial judge to rule as a matter of law that the plaintiff assumed the risk. *See Thomas*, 423 Md. at 395, 31 A.3d at 588 (citation omitted) ("Where it is clear, however, 'that a person of normal intelligence in the position of the plaintiff *must* have understood the danger, the issue is for the court.' "). In the present case, at the end of Respondent's case, Petitioner moved for judgment claiming, in part, that Respondent assumed the risk of her injuries. The trial judge, however, refused to grant the motion, instead leaving the issue for the jury's determination.[15]

When it is unclear that the plaintiff knew of the risk, but there is evidence that a person of normal intelligence in the position of the plaintiff must have understood the danger, the issue is for the trier of fact. *See* Restatement (Second) of Torts § 496D cmt. d (stating that "[t]here are some risks as to which no adult will be believed if he says that he did not know or understand them"); Restatement (Second) of Torts § 496D

---

**15.** Respondent argues to this Court that the Court of Special Appeals in *Pfaff v. Yacht Basin Co.*, 58 Md.App. 348, 355, 473 A.2d 479, 483 (1984), said the proper test for determining whether an invitee, like Respondent, "realized the risk involved in being exposed to a dangerous condition is where it is '... clear that any person of normal intelligence in his/her position must have understood the danger, the issue must be decided by the Court.' " This simply reflects that a trial judge can determine assumption of the risk as a matter of law when all reasonable minds would conclude that the plaintiff must have known of and appreciated the risks because of the surrounding circumstances.

cmt. e (stating "[w]hether the plaintiff knows of the existence of the risk, or whether he understands and appreciates its magnitude and its unreasonable character, is a question of fact, usually to be determined by the jury under proper instructions from the court. The court may itself determine the issue only where reasonable [people] could not differ as to the conclusion."). The jury might conclude that the plaintiff must have actually known and understood the risk and voluntarily assumed it. This Court has quoted *Prosser and Keeton on The Law of Torts* with approval in stating:

> At the same time, it is evident that a purely subjective standard opens a very wide door for the plaintiff who is willing to testify that he did not know or understand the risk; and there have been a good many cases in which the courts have said[ ] in effect that he is not to be believed, so that in effect *something of an objective element* enters the case, and the standard applied in fact does not always differ greatly from that of the reasonable person. Thus, *the plaintiff will not be heard to say that he did not comprehend a risk which must have been quite clear and obvious to him.* There are some things … which are so far a matter of common knowledge in the community, that in the absence of some satisfactory explanation a denial of such knowledge simply is not to be believed.

*Poole,* 423 Md. at 113, 31 A.3d at 225 (quoting *Prosser and Keeton* § 68 at 487–88). In the present case, Respondent claims that she never saw the dangerous condition when she was walking toward the soda machine. Respondent also argues that the only evidence that the danger was obvious and that the Respondent would have known of the risk is the testimony of the store owner whose "credibility was thoroughly impeached." Whether to believe Respondent or the store owner is an issue of credibility, and credibility is a question for the trier of fact. *See Shields v. Wagman,* 350 Md. 666, 686, 714 A.2d 881, 890 (1998) ("This dispute [over which of two contradictory testimonies the jury should believe] is a question of credibility best left for the jury to decide."). A reasonable jury might have believed the store owner's testimony and not

Respondent's and concluded that Respondent knew and appreciated the risks of danger, and by voluntarily walking where there was danger assumed the risk of her injuries.[16] Therefore, in the present case, the evidence was sufficient for the defense of assumption of the risk to be presented to the jury.[17]

## D. The trial judge's error prejudiced the outcome of the trial.

As we noted above, this Court will reverse the judgement of a trial court if an error prejudiced Petitioner's case. In the current case, the error involved the incomplete verdict sheet, which, in effect, prevented the jury from considering assumption of the risk. Petitioner was found liable for Respondent's injuries. If the jury determined that Respondent assumed the risk of her injuries, it would have completely absolved Petitioner from liability. *See Am. Powerlifting Ass'n v. Cotillo*, 401 Md. 658, 668, 934 A.2d 27, 33 (2007) (citing *Crews v. Hollenbach*, 358 Md. 627, 640, 751 A.2d 481, 488 (2000)) ("Assumption of the risk is a defense that completely bars any recovery by the plaintiff.") Thus, the error prejudiced the outcome of the trial. *See Collins*, 417 Md. at 228, 9 A.3d at 62 (holding that "[t]he error was not harmless because if the jury found that [the plaintiff] had assumed the risk of his injuries ... that determination negated [the defendant's] duty and operated as a complete bar to [the plaintiff's] recov-

---

16. In her brief to this Court, Respondent relies on a Court of Special Appeals decision, *Diffendal v. Kash and Karry Service Corp.*, 74 Md.App. 170, 176, 536 A.2d 1175, 1178 (1988), for the argument that it is reasonable for an invitee to be distracted by merchandise and not see uneven flooring. Whether a reasonable invitee would see the floor is not at issue. All that is at issue is whether Respondent saw, knew, or must have seen, or knew, and appreciated the risks of walking in the area of the soda machine.

17. Petitioner argues in its reply brief to this Court that "[t]he jury could have found that the warning signs were there and that the Plaintiff should have comprehended the obvious risks." If the jury found that Respondent *should* have comprehended the risks, however, that finding would not give rise to a verdict that Respondent assumed the risk of her injuries. If the jury found that the warning signs were there and that Respondent did or must have comprehended the risks, the jury might have determined that Respondent assumed the risk of her injuries.

ery"); *Cf. Barksdale,* 419 Md. at 669–670, 20 A.3d at 777 (citation omitted) ("An error may also be prejudicial if the error, by itself, could have precluded a finding of liability where one was warranted.").

■ Even if this Court cannot say definitively that the error prejudiced the jury's verdict, we cannot rule out the possibility that it did. As we previously declared, "the mere inability of a reviewing court to rule out prejudice, given the facts of the case, may be enough to declare an error reversible." *Barksdale,* 419 Md. at 670, 20 A.3d at 777 (citation omitted). *See also Rosenkovitz v. United Rys. and Electric Co.,* 108 Md. 306, 317, 70 A. 108, 112 (1908) (citing *Adams v. Capron,* 21 Md. 186 (1864)) (concluding "[i]t is also well settled, where a correct and an incorrect instruction have been given on the same subject, it cannot be shown that no injury resulted because it cannot be ascertained by which the jury was governed"). Therefore, the trial judge's refusal to permit the requested question to be included on the verdict sheet asking the jury to consider assumption of the risk constituted reversible error.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR A NEW TRIAL. RESPONDENT TO PAY THE COSTS.**